STATE of Utah, Plaintiff and Respondent,

v.

Woodrow W. JOHN, Defendant and Appellant.

No. 18108.

Supreme Court of Utah.

June 29, 1983.

Lynn R. Brown, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant appeals from a jury conviction of attempted rape in violation of U.C.A., 1953, §§ 76–5–402 and 76–4–101. He urges two errors on appeal: 1) the trial court's refusal to strike the victim's testimony as to "identification" of the defendant; and 2) insufficiency of the evidence based on the incredibility of such identification, without which no facts support the verdict.

As to the second point, the record reflects evidence that was of such substantial, material and admissible nature as to require the jury to arrive at a verdict of guilt or innocence. The defendant made no motion attacking the jury's verdict, or the sufficiency of evidence upon which such verdict was rendered.

The victim, after work at about 4:00 p.m., entered her car at a parking lot. A man that she positively identified as the defendant, pushed her over and entered the car from the driver's side. When the victim screamed and sounded the horn, the man put his hand over her mouth and pushed her down on the seat. He then attempted to rape her by unbuttoning her blouse, holding her breasts, and saying "I got to do it, lady, I got to do it." A passer-by, alerted by her screams, approached the car to see what was happening. The defendant then fled. Another patron of the parking lot chased defendant, who left in a truck when the patron approached. The patron noted the license number of the truck and relayed it to the police. Defendant was later located at a prison half-way house. The victim identified him on the spot, after again seeing him at about four feet distance and hearing him say "lady," without any prompting, as he had used the word during the attempted rape. She also identified him at the trial, as did both persons who had observed him in the parking lot.

■ The claim of error in not striking the victim's identification came too late, and cannot be asserted now on appeal. It is held generally that where there is a claim of irregularity in obtaining evidence, such claim should be asserted before trial, or at the least, at the trial at the first opportunity. Language apropos of such principle appears in *Nardone v. United States,* 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939), as follows:

> Dispatch in the trial of criminal causes is essential in bringing crime to book. Therefore, timely steps must be taken to secure judicial determination of claims of illegality on the part of agents of the Government in obtaining testimony. To interrupt the course of the trial for such auxiliary inquiries impedes the momentum of the main proceeding and breaks the continuity of the jury's attention.

■ In the instant case, the defendant raised no question of irregularity of identification proceedings at pretrial by motion to suppress[1] and hence had waived such claimed error. Nor did the defendant make any timely objection to the evidence at trial as required under the "contemporaneous objection" rule.[2] The only objection before appeal was made a day after the testimony

1. U.C.A., 1953, § 77–35–12(d).

2. *State v. McCardell,* Utah, 652 P.2d 942 (1982); *State v. Pierre,* Utah, 572 P.2d 1338 (1977); *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).

**34**

claimed to have been prejudicial was given, and after the prosecution had rested.

The verdict and judgment are affirmed.

HOWE, J., concurs in the result.