**STATE of Utah, Plaintiff and Respondent,**

v.

**Cecil LeRoy LOE, Defendant and Appellant.**

**No. 20789.**

Supreme Court of Utah.

Jan. 13, 1987.

Bernard L. Allen, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant Cecil Loe appeals from his jury conviction of second degree murder, a first degree felony under section 76–5–203 of the Utah Code. Loe claims that statements made by him were not voluntary and should have been suppressed as they were taken in violation of his constitutional rights and that the evidence was insufficient to sustain the conviction against him. We affirm.

Loe was accused of shooting and killing George Nielson, his friend, after a long night of drinking and card playing at Loe's house. A friend of Nielson's, Donald Duffy, whom Loe had not met before, was also present, as were Loe's girlfriend, Sheila Tyler, and Nielson's girlfriend, Robyn Anderson.

At trial, Loe took the witness stand and told a version of the shooting that conflicted with the version given by the State's witnesses. At trial, Tyler rendered an account of the shooting that differed markedly from the account she had given to the police on the night of the killing.

Defendant now contends that the evidence adduced at trial was insufficient to connect him with Nielson's murder. It is the exclusive function of the jury to weigh the evidence and to determine the credibility of the witnesses. We review the evidence and all inferences which may reasonably be drawn from it in a light most favorable to the verdict of the jury. *State v. Booker*, 709 P.2d 342 (Utah 1985); *State v. McCardell*, 652 P.2d 942 (Utah 1982). The jury may well have disbelieved Loe's version of the event, that Nielson and Duffy had become angry at each other and that it was Duffy who shot Nielson. The jury may also not have believed Tyler's version of the event, as she told it at trial, and instead may have given greater credence to the description she gave of the event at the time the police arrived. Tyler had married Loe after the shooting and had borne him a child. The jury may well have concluded from the evidence before it that the circumstances surrounding the shooting were consistent with the State's witnesses' account of the event and inconsistent with Loe's, who remembered none of his culpable actions and statements testified to by other witnesses. We do not substitute our judgment for that of the jury.

When Loe was transported to jail by Officer Breen of the Ogden Police Department, he asked Breen, "Can you just take me to jail, I shot him, just take me to jail."

A little later he told Breen, "I told them not to fuck with me, I blow somebody away if they fuck with me." Breen had not questioned Loe when he took him into custody, nor had he read him his *Miranda* rights. Breen did not solicit or encourage Loe's comments, nor did he respond when Loe inculpated himself.

 Loe now contends that his statements to Breen were involuntary and should have been suppressed because they were prompted by preliminary questioning. He also denies that he made the statements as testified to by Breen and points to that part of the testimony that showed an omission of the words "I shot him" in the transcription of Breen's notes. Loe does not cite to the record to support his claim that his statements were involuntary. He made no motion before trial to suppress the evidence he now claims was erroneously admitted. "Failure to timely [sic] raise defenses or objections or to make request which must be made prior to trial ... shall constitute waiver thereof...." Utah R.Crim.P. 12(d); *State v. John,* 667 P.2d 32 (Utah 1983). Loe also failed to object when Breen testified to Loe's admission of the shooting. Error may not be predicated upon a ruling which admits evidence unless a substantial right of the party is affected and a timely objection on motion to strike appears of record, stating the specific ground of objection. Utah R.Evid. 103(a)(1); *State v. McCardell,* 652 P.2d at 947 (like ruling under former Utah Rule of Evidence 4). *See also State v. O'Brien,* 721 P.2d 896 (Utah 1986). Loe did object on hearsay grounds to Chesser's testimony with respect to Loe's statement to Breen. That objection was properly overruled and did not preserve the constitutional ground first raised before this Court. *State v. Gray,* 717 P.2d 1313 (Utah 1986). In the absence of exceptional circumstances, this Court has long refused to review matters raised for the first time on appeal where no timely and proper objection was made in the trial court. *State v. Steggell,* 660 P.2d 252 (Utah 1983). Loe's assigned error presents no exceptional circumstances.

The conviction is affirmed.

STEWART, J., concurs in the result.