**STATE of Utah, Plaintiff and Respondent,**

v.

**Marie SERPENTE, Defendant and Appellant.**

No. 870422–CA.

Court of Appeals of Utah.

Feb. 9, 1989.

Candice A. Johnson, Salt Lake City, for defendant and appellant.

David E. Yocom, Rodwicke Ybarra, Salt Lake City, for plaintiff and respondent.

Before BILLINGS, JACKSON and ORME, JJ.

BILLINGS, Judge:

Defendant Marie Serpente appeals her conviction of lewdness involving a child, a class A misdemeanor in violation of Utah Code Ann. § 76–9–702.5 (1988). Ms. Serpente claims the raising of her dress and slight exposure of her covered buttocks does not constitute "exposure" or rise to the level of an "act of gross lewdness" under § 76–9–702.5. We agree, and reverse Ms. Serpente's conviction.

## FACTS

On April 2, 1986, Ms. Serpente's son was detained after school. Following his detention, he walked home in the dark, fell, and injured his ankle. Two days later, Ms. Serpente went to her son's school to reprimand teachers and school administrators about the incident.

During the course of the confrontation, Ms. Serpente went to her son's algebra class. While class was in session, Ms. Serpente verbally assaulted the instructor, accusing him of irresponsible conduct toward her son. Shocked by the incident, the algebra instructor requested Ms. Serpente to leave the classroom. As she was leaving the room, Ms. Serpente suddenly stopped at the door, raised the back of her dress at the teacher, and said, "To you, sir!" Following this demonstration, several other confrontational events occurred, ultimately resulting in the arrest of both Mr. and Ms. Serpente. Ms. Serpente was charged with assaulting a police officer, disorderly conduct, committing unlawful acts in a school, and lewdness involving a child.

At Ms. Serpente's trial, four students from the algebra class testified but only one was under the age of fourteen. One of the older students described Ms. Serpente's actions as a "flash" or a "moon." He stated that as Ms. Serpente left the classroom, he saw her raise her dress above her buttocks. When asked if he saw her naked bottom, the student replied "just a white garment, that's all I could see." The only witness under age fourteen at the time of the incident also testified that he saw white garments and an outline of her buttocks. When asked if he could see anything through those garments, he replied, "no, just an outline." Similarly, the algebra instructor testified that he saw only her legs and the back of her thighs. The entire encounter lasted only a few seconds, and each witness testified that no naked skin was observed.

At trial, Ms. Serpente moved to dismiss the lewdness charge claiming her conduct did not amount to gross lewdness since her acts were not sexually motivated, nor did she expose her genitals or private parts as required by § 76–9–702.5. The trial court denied the motion, and Ms. Serpente was subsequently convicted by a jury of lewdness involving a child. Ms. Serpente was also convicted of assaulting a police officer, disorderly conduct, and committing unlawful acts in a school. Ms. Serpente does not contest these convictions.

## STANDARD OF REVIEW

Because the facts of this case are undisputed, the sole issue on appeal is the construction of § 76–9–702.5. Therefore, we apply a correction of error standard. *See, e.g., Forbes v. St. Mark's Hosp.*, 754 P.2d 933, 934 (Utah 1988). Moreover,

'one of the fundamental rules of statutory construction is that the statute should be looked at as a whole and in light of the general purpose it was intended to serve; and should be so interpreted and applied as to accomplish that objective. In order to give the statute the implementation which will fulfill its purpose, reason and intention sometimes prevail over technically applied literalness.'

*State v. Jones*, 735 P.2d 399, 402 (Utah Ct.App.1987) (quoting *Andrus v. Allred*, 17 Utah 2d 106, 404 P.2d 972, 974 (1965)).

### Lewdness Statute

Utah Code Ann. § 76–9–702.5 (1988), provides in pertinent part with our emphasis:

(1) A person is guilty of lewdness involving a child if the person under circumstances not amounting to rape of a child, object rape of a child, sodomy upon a child, sexual abuse of a child, or an attempt to commit any of these offenses, performs an act of sexual intercourse or sodomy, *exposes his or her genitals or private parts,* masturbates, engages in trespassory voyeurism, *or performs any other act of gross lewdness*, under circumstances which he or she should know will likely cause affront or alarm, to, on, or in the presence of another who is under 14 years of age.

The elements of § 76–9–702.5 relevant to this case include: (1) Exposure of one's genitals or private parts, or (2) performing any other act of gross lewdness, (3) under circumstances which the actor should know will likely cause affront or alarm, and (4) in the presence of another who is under 14 years of age. Ms. Serpente concedes elements three and four. Thus, the issue we must resolve on appeal is whether her conduct constitutes either "exposure" of her genitals or private parts or "an act of gross lewdness" as those terms are used in § 76–9–702.5. Pursuant to general rules of statutory construction, words should be interpreted according to their "plain meaning." *In re M.L.T.,* 746 P.2d 1179, 1180 (Utah Ct.App.1987). "[I]f a different interpretation is sought it must rest upon something in the character of the legislation or in the context which will justify a different meaning." *Id.*

### "Exposure" of One's Genitals or Private Parts

We interpret the term "exposes" as it appears in § 76–9–702.5, according to its "plain meaning," because there is nothing within the context of the legislation which justifies a different interpretation. We turn to *Webster's Third New Int'l Dictionary* (unabridged) 802 (1986), wherein "expose" is defined as "to deprive of shelter, protection, or care ... to lay open to view, to lay bare."

Substituting one of the definitions set forth above for the term "exposes" as it appears in § 76–9–702.5, the statute would read: "A person is guilty of lewdness involving a child if the person [makes bare] his or her genitals or private parts." Furthermore, after a thorough review of cases interpreting indecent exposure statutes,[1] we are unable to find a single case where a conviction of indecent exposure did not involve at least *partial* nudity.[2] Thus, we hold that the phrase "exposes his or her genitals or private parts" under § 76–9–702.5, is limited to instances involving at least partial nudity.

The State urges this Court to adopt a more expansive definition of the term "exposes," to include conduct that "directs public attention" to one's genitals or private parts. This we are unwilling to do. Given contemporary fashion designs and revealing swimwear, the State's definition might well subject many unsuspecting citizens to criminal prosecution for unlawful exposure. Ms. Serpente's lifting of her dress revealed no bare skin. The uncontroverted testimony demonstrates that Ms. Serpente was wearing garments and only an outline of her buttocks was discernible. Accordingly, we find that Ms. Serpente's conduct does not constitute exposure of her genitals or private parts.

### "Act of Gross Lewdness"

We next address whether Ms. Serpente's conduct constitutes an "act of gross lewdness." There is no Utah authority specifically defining the term "act of gross lewd-

1. Utah does not have an "indecent exposure" statute per se, however, other jurisdictions have treated indecent exposure as a form of lewdness. *See, e.g., State v. Nelson,* 178 N.W.2d 434, 436 (Iowa 1970), *cert. denied,* 401 U.S. 923, 91 S.Ct. 864, 27 L.Ed.2d 826 (1970); *State v. Sousa,* 2 Conn.Cir.Ct. 452, 201 A.2d 664, 666 (1964).

2. *See, e.g., City of Portland v. Gatewood,* 76 Or.App. 74, 708 P.2d 615, 617 (1985); *Martin v. State,* 674 P.2d 37, 39 (Okla.Crim.App.1983), *cert. denied,* 465 U.S. 1081, 104 S.Ct. 1448, 79 L.Ed.2d 767 (1983); *State v. Bull,* 61 Haw. 62, 597 P.2d 10, 11 (1979); *City of Tucson v. Lee,* 16 Ariz.App. 449, 494 P.2d 54, 57 (1972); *In re Smith,* 7 Cal.3d 362, 102 Cal.Rptr. 335, 497 P.2d 807, 808 (1972).

ness" as it appears in Utah Code Ann. § 76–9–702.5 (1988). However, in *In re L.G.W.*, 641 P.2d 127, 131 (Utah 1982), the Utah Supreme Court stated that the phrase "act of gross lewdness" must be given specific meaning to withstand constitutional challenges of vagueness and/or overbreadth.[3]

As set forth earlier in our opinion, basic rules of statutory construction demand that words be interpreted according to their plain meaning unless the context justifies a different interpretation. *In re M.L.T.*, 746 P.2d 1179, 1180 (Utah Ct.App. 1987). The phrase "act of gross lewdness" is not subject to a plain meaning, but rather must derive its definition from the context in which it appears. To this end, we resort to the doctrine of *ejusdem generis.* This doctrine provides that "where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated." *Black's Law Dictionary* 464 (5th ed. 1979). Accordingly, we find this case analogous to the Utah Supreme Court's decision in *State v. Kennedy*, 616 P.2d 594 (Utah 1980), wherein the defendant challenged his conviction of forcible sexual abuse.[4] The defendant claimed the phrase "or otherwise takes indecent liberties" was unconstitutionally vague. The Court rejected the challenge, and held that the phrase in ques-

tion "refers to acts of equal magnitude of gravity to those specifically set forth in the statute...." *Id.* at 597. *See also State v. Bishop*, 753 P.2d 439, 481 (Utah 1988); *In re L.G.W.*, 641 P.2d 127, 129 (Utah 1982). "Viewing defendant's conduct in light of this construction, we are unable to say that the language ... [is unconstitutionally vague]." *Kennedy*, 616 P.2d at 597.

■ We similarly find that an "act of gross lewdness" as it appears in § 76–9–702.5, refers to an act of "equal magnitude of gravity" as those acts "specifically set forth in the statute," namely, the exposure of genitals or private parts, masturbation, or trespassory voyeurism.

■ Ms. Serpente's unorthodox gesture of defiance undeniably demonstrates poor judgment, but simply does not match or even come close to the magnitude of conduct expressly proscribed by § 76–9–702.5. Based on the foregoing, Ms. Serpente's conviction for lewdness involving a child is reversed.

ORME and JACKSON, JJ., concur.

---

**3.** In *L.G.W.*, the Utah Supreme Court ultimately adopted a definition of "an act of gross lewdness" as it appeared in Utah Code Ann. § 76–9–702 (1978) (amended 1983), the predecessor to the current lewdness statute. *See* 641 P.2d at 131. However, subsequent to the Court's decision in *L.G.W.*, the Legislature enacted the Sexual Abuse of a Child Statute, a second degree felony, which the State correctly notes criminalizes conduct previously defined by the Court as constituting an act of gross lewdness, at least in the case of victims 14 or older. *See* Utah Code Ann. § 76–5–404 (1988). Interpreting an act of gross lewdness for purposes of § 76–9–702.5, a class A misdemeanor, according to the *L.G.W.* definition potentially raises problems addressed in *State v. Shondel*,

22 Utah 2d 343, 453 P.2d 146 (1969). In *Shondel*, the Utah Supreme Court stated, "where there is doubt or uncertainty as to which of two punishments is applicable to an offense an accused is entitled to the benefit of the lesser." *Id.* 453 P.2d at 148. *Accord State v. Bishop*, 753 P.2d 439, 479 (Utah 1988). A *Shondel* challenge to Utah Code Ann. § 76–9–702.5 is not before this Court, and thus, we need not decide this troublesome issue.

**4.** The defendant challenged Utah Code Ann. § 76–5–404 (1953). The relevant provisions of this statute were unchanged by subsequent amendments. *See id.* at § 76–5–404 (1988).