**STATE of Utah, Plaintiff and Appellee,**

v.

**John VOGT, Defendant and Appellant.**

No. 910016–CA.

Court of Appeals of Utah.

Dec. 11, 1991.

Lisa J. Remal, Ronald S. Fujino (argued), Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Kenneth A. Bronston (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before GARFF, GREENWOOD and RUSSON, JJ.

## OPINION

RUSSON, Judge:

John Vogt appeals his conviction of attempted sexual abuse of a child, a third degree felony, in violation of Utah Code Ann. § 76–5–404.1 (1990).[1] We affirm.

## I. FACTS

For purposes of this appeal, the parties rely upon the police report for the relevant facts. The police report contains the following statement:

> [Vogt] "put his hands down the front of [the victim's] pants, and was touching her vagina, and then put his hands to the back and was touching her buttocks ... he played with her for awhile [sic] but he did not insert anything into any orifice.... [H]e kissed her buttocks, and that is when he stopped, and he knew that it was wrong." The victim told police that defendant "put[ ] his hands down her pants, and touch[ed] her private parts, through the front and rear of her pants."

Based upon these facts, Vogt was charged with sexual abuse of a child, a second degree felony, in violation of Utah Code Ann. § 76–5–404.1 (1990). He subsequently moved to dismiss or reduce the charges against him, claiming that the facts did not constitute the charged crime of sexual abuse of a child, but at best supported a charge of lewdness involving a child, in violation of Utah Code Ann. § 76–9–702.5 (1990). He claimed that both statutes prohibit the same offense, thereby requiring that he be charged and sentenced under the latter because it carries a lesser penalty. Vogt's motion was denied.

Vogt then entered a plea of guilty to the lesser included offense of attempted sexual abuse of a child, a third degree felony, in violation of Utah Code Ann. § 76–5–404.1 (1990), conditional upon preserving the right to appeal the denial of his motion to dismiss or reduce the charge against him. *See State v. Sery,* 758 P.2d 935, 938 (Utah App.1988). Vogt was sentenced to an indeterminate sentence of zero to five years and ordered to pay a $5,000 fine and a twenty-five percent surcharge. The sentence was suspended, and Vogt was placed on two years supervised probation.

This appeal seeks reversal of Vogt's conviction for attempted sexual abuse of a child, and remand of the matter to the trial court for re-sentencing under the lesser crime of lewdness involving a child.

## II. ISSUE

The sole issue on appeal is whether Utah Code Ann. § 76–5–404.1 (1990), sexual abuse of a child, a second degree felony, and Utah Code Ann. § 76–9–702.5 (1990), lewdness involving a child, a class A misdemeanor, proscribe the same offense, thereby requiring that Vogt be convicted of and sentenced under the lesser crime, pursuant to *State v. Shondel,* 22 Utah 2d 343, 453 P.2d 146 (1969).

## III. STANDARD OF REVIEW

■ Our review focuses on the trial court's legal conclusions, which we review under a correction-of-error standard, according no particular deference to the trial court's ruling. *Provo City Corp. v. Willden,* 768 P.2d 455, 456 (Utah 1989); *see also City of Monticello v. Christensen,* 788 P.2d 513, 516 (Utah), *cert. denied,* —— U.S. ——, 111 S.Ct. 120, 112 L.Ed.2d 89 (1990).

---

1. Under Utah Code Ann. § 76–5–404.1 (1990), sexual abuse of a child is a second degree felony. Utah Code Ann. § 76–4–102(3) (1990) reduces a second degree felony to a third degree felony when the charge is for attempt to commit the proscribed crime rather than actual commission.

## IV. ANALYSIS

■ Vogt claims that Utah Code Ann. § 76–5–404.1 (1990), sexual abuse of a child, and Utah Code Ann. § 76–9–702.5 (1990), lewdness involving a child, proscribe the same offense, and since one carries a lesser penalty, the trial court erred in not applying the lesser penalty pursuant to the doctrine developed in *State v. Shondel*, 22 Utah 2d 343, 453 P.2d 146 (1969), and its progeny. The State responds that the *Shondel* doctrine does not apply here, inasmuch as both the acts prohibited and the *mens rea* requirement of section 76–5–404.1 are different from those of section 76–9–702.5.

> The *Shondel* doctrine requires that:
> a statute creating a crime should be sufficiently certain that persons of ordinary intelligence who desire to obey the law may know how to conduct themselves in conformity with it. A fair and logical concomitant of that rule is that such a penal statute should be similarly clear, specific and understandable as to the penalty imposed for its violation ... where there is doubt or uncertainty as to which of two punishments is applicable to an offense an accused is entitled to the benefit of the lesser.

*Shondel*, 453 P.2d at 148 (citations omitted). Subsequent cases have clarified *Shondel*, indicating that in order for *Shondel* to apply, the statutes in question must be "wholly duplicative as to the elements of the crime...." *State v. Bryan*, 709 P.2d 257, 263 (Utah 1985). Therefore, in order to determine whether *Shondel* applies under the facts of this case, we must examine both the prohibited acts and the requisite *mens rea* of the relevant statutes.

### A. Proscribed Acts

■ Vogt was convicted of the felony of attempted sexual abuse of a child, in violation of section 76–5–404.1. That statute prohibits the touching of the

> anus, buttocks, or genitalia of any child, [or] the breast of a female child younger than 14 years of age....

*Id.* Vogt argues, however, that he should have been convicted of lewdness involving a child, a misdemeanor, in violation of section 76–9–702.5. That statute prohibits the exposure of certain body parts or the performance of certain sexual acts in front of a child. Specifically, the statute prohibits the following acts in the purview of a child:

> an act of sexual intercourse or sodomy, expos[ing] his or her genitals or private parts, masturbat[ion], ... trespassory voyeurism, or ... any other act of gross lewdness ... in the presence of another who is under 14 years of age.

*Id.* Vogt claims that the general language "performs any other act of gross lewdness" is meant to incorporate the gross lewdness statute, Utah Code Ann. § 76–9–702(3) (1990), into section 76–9–702.5. Section 76–9–702(3) prohibits the touching of the

> anus, buttocks, or any part of the genitals of another person 14 years of age or older, or the breast of a female 14 years of age or older....

*Id.* Vogt contends that the lewdness involving a child statute therefore prohibits the exact same acts as the sexual abuse of a child statute, and that since the former is a misdemeanor and the latter is a felony, his committed acts could result only in a conviction for the misdemeanor. The State responds that the phrase "performs any other act of gross lewdness," as used in section 76–9–702.5 is intended to proscribe conduct of equal gravity as that conduct specified in the statute, and is not intended to incorporate conduct that is of a different gravity. We agree.

In *State v. Serpente*, 768 P.2d 994 (Utah App.1989), this court analyzed the phrase "act of gross lewdness" found in section 76–9–702.5. This court stated that "the phrase 'act of gross lewdness' is not subject to a plain meaning, but rather must derive its definition from the context in which it occurs." *Id.* at 997. The court concluded that

> an "act of gross lewdness" as it appears in § 76–9–702.5, refers to an act of "equal magnitude of gravity" as those acts "specifically set forth in the statute," namely the exposure of genitals or

private parts, masturbation, or trespassory voyeurism.

*Id. See also State v. Kennedy,* 616 P.2d 594, 597 (Utah 1980) (the phrase "or otherwise takes indecent liberties," found in Utah Code Ann. § 76–5–404 (1953), refers to conduct of "equal magnitude of gravity to those specifically set forth in the statute").

Both *Serpente* and *Kennedy* relied upon the statutory construction doctrine of *ejusdem generis.* Under the doctrine of *ejusdem generis,* "of the same kind," and its companion doctrine of *noscitur a sociis,* "it is known from its associates," when general terms follow specific ones, the general terms must be given a meaning that is restricted to a sense analogous to the preceding specific terms. *Nephi City v. Hansen,* 779 P.2d 673, 675 (Utah 1989) (citing *In re Disconnection of Certain Territory,* 668 P.2d 544, 547–48 (Utah 1983)); *see also Heathman v. Giles,* 13 Utah 2d 368, 369–70, 374 P.2d 839, 840 (1962).

The general term, "performs any other act of gross lewdness," in section 76–9–702.5(1) is preceded by the following specific wording:

> performs any act of sexual intercourse or sodomy, exposes his or her genitals or private parts, masturbates, [or] engages in trespassory voyeurism. . . .

*Id.* This wording of the lewdness involving a child statute proscribes the *exposing* of a child to sexual activity, and the general term "any other act of gross lewdness" is restricted to a sense analogous to such

wording. These acts are committed either by the actor upon him or herself, or committed by the actor with or upon a person other than the victim, in the presence of the victim who must be under fourteen years of age. By contrast, section 76–9–702(3) proscribes the actual *touching* of the victim. Specifically, the gross lewdness statute proscribes the touching of "the anus, buttocks, or any part of the genitals of another person 14 years of age or older, or the breast of a female 14 years of age or older. . . ." *Id.*

Thus, the acts proscribed by section 76–9–702.5 and section 76–9–702(3) are clearly different. Furthermore, since the general term "any other act of gross lewdness" found in section 76–9–702.5 must be interpreted as referring to acts of equal gravity as those acts proscribed in the statute, it cannot be said to incorporate those acts found in the gross lewdness statute, section 76–9–702(3).[2] *See Serpente,* 768 P.2d at 997.

Since Vogt's incorporation argument fails, it clearly follows that the lewdness involving a child statute, section 76–9–702.5, does not proscribe the same acts as the sexual abuse of a child statute, section 76–5–404.1. As discussed above, the lewdness involving a child statute proscribes the *exposing* of a child under fourteen years of age to certain sexual acts. By contrast, the sexual abuse of a child statute proscribes the sexual *touching* of a child under fourteen years of age. Accordingly, the sexual abuse of a child statute and the

---

2. Additionally, section 76–9–702(3) cannot be incorporated into section 76–9–702.5 because the classes of persons protected under the statutes in question are different. Section 76–9–702.5, lewdness involving a child, protects individuals *under fourteen years of age,* while section 76–9–702(3), gross lewdness, protects individuals *fourteen years of age and older.* Vogt argues that the age requirements of the two statutes are not relevant. The State argues that the age distinctions are indeed relevant and in themselves are sufficient to defeat any *Shondel* arguments. We agree.

The Utah Supreme Court addressed the issue of whether age was an element of an offense in *In re J.L.S.,* 610 P.2d 1294 (Utah 1980). In referring to the former forcible sexual abuse statute, which applied to individuals fourteen

years of age and younger, the court stated that "one of the elements of the crime was the age of the victim. Without reading the term 'indecent liberties,' in conjunction with the age of the victim, the precision required for a penal statute would not be manifest. . . ." *Id.* at 1296 (quoting *State v. Macmillan,* 46 Utah 19, 145 P. 833, 834 (1915)). Further, in *State v. Bishop,* 753 P.2d 439 (Utah 1988), the court cited *In re J.L.S.* with approval, stating that "[t]he younger the victim, the more susceptible he or she is to suffering long-term physiological, emotional, social and mental harm." *Id.* at 482. Therefore, the age distinctions between the statutes cannot be disregarded. This distinction is further evidence that section 76–9–702.5 does not incorporate section 76–9–702(3).

lewdness involving a child statute cannot be said to proscribe the same acts.

Additionally, the plain language of section 76–9–702.5 specifically excludes from its coverage acts that are proscribed by section 76–5–404.1, the sexual abuse of a child statute. Section 76–9–702.5(1) states:

A person is guilty of lewdness involving a child *if the person under circumstances not amounting to* rape of a child, object rape of a child, sodomy upon a child, *sexual abuse of a child*, or an attempt to commit any of these offenses, performs an act of sexual intercourse or sodomy, exposes his or her genitals or private parts, masturbates, engages in trespassory voyeurism, or performs any other act of gross lewdness ... in the presence of another who is under 14 years of age.

*Id.* (emphasis added). The legislature has thereby explicitly excluded any act of sexual abuse of a child from the purview of the lewdness involving a child statute. Moreover, it is clear that the legislature excluded acts of sexual abuse of a child from the lewdness involving a child statute because such acts are covered by a separate statute carrying a more severe penalty. Therefore, we hold that the sexual abuse of a child statute, section 76–5–404.1, and the lewdness involving a child statute, section 76–9–702.5, proscribe different acts.

### B. *Mens Rea* Requirements

Further, the requisite *mens rea* under the two statutes are significantly different. The *mens rea* necessary to be convicted of sexual abuse of a child under section 76–5–404.1 requires the defendant to act "with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person...." *Id.* On the other hand, the *mens rea* necessary to be convicted of lewdness involving a child under section 76–9–702.5 requires the defendant act "under circumstances which he or she should know will likely cause affront or alarm...." *Id.* These are clearly different *mens rea* requirements.

In *State v. Bryan*, 709 P.2d 257 (Utah 1985), the Utah Supreme Court noted that "[o]ur justice system contemplates a series of graded offenses that [are] distinguished by increasingly culpable mental states. If the State can prove that a defendant acted with the more culpable mental state, the defendant can be convicted of the higher offense." *Id.* at 262.

In the case at bar, Vogt admitted that his reason for engaging in his abusive conduct was to "gratify [his] sexual desires," therefore, his *mens rea* fits squarely within the requisite *mens rea* in section 76–5–404.1, sexual abuse of a child, and not within the *mens rea* of section 76–9–702.5.

### V. CONCLUSION

The intent of the legislature is quite clear regarding these statutes. It has decreed sexual touching of a child to be more serious than sexual exposure and has set the punishment accordingly: the former a second degree felony, the latter a class A misdemeanor. To incorporate section 76–9–702(3) into section 76–9–702.5 would allow a person to commit the serious acts prohibited by section 76–5–404.1, a second degree felony, but only be convicted of a class A misdemeanor under section 76–9–702.5. As such, the incorporation argument would have the effect of eliminating section 76–5–404.1 since it would be impossible to convict anyone for sexual abuse of a child.

Accordingly, we hold that Vogt's argument that section 76–9–702(3), gross lewdness, should be incorporated in section 76–9–702.5, lewdness involving a child, is without merit. Both the acts prohibited and the requisite *mens rea* are substantively different and, therefore, *Shondel* does not apply in this case. Vogt's conviction is affirmed.

GARFF and GREENWOOD, JJ., concur.