**STATE of Utah, Plaintiff and Appellee,**

v.

**Richard PERRY, Defendant and Appellant.**

No. 930343–CA.

Court of Appeals of Utah.

March 11, 1994.

Clark B. Allred and Gayle F. McKeachnie, Roosevelt, for defendant and appellant.

Herbert Wm. Gillespie and Machelle Fitzgerald, Roosevelt, for plaintiff and appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

## OPINION

BILLINGS, Presiding Judge:

Defendant Richard Perry appeals his convictions for one count of gross lewdness, in violation of Utah Code Ann. § 76–9–702 (1990), and four counts of lewdness involving a child, in violation of Utah Code Ann. § 76–9–702.5 (1990), class A misdemeanors. We affirm.

## FACTS

Defendant, a fifty-two-year-old man, resides in Tridell, Utah. For the last fifteen years he has acted as Santa Claus at Christmas parties. On December 16, 1991, a local church had a Christmas party at which defendant was paid to act as Santa Claus. Defendant appeared at 8:00 p.m. to a crowd of several hundred people attending the party. After greeting the crowd, he sat down in the foyer outside the church's cultural hall where approximately one hundred and fifty children lined up to sit on his lap and receive a sack of candy. After about thirty minutes, defendant left the church and returned home.

Four girls under the age of fourteen alleged that while they were on his lap defendant touched their clothed crotch areas with his gloved hand. At trial, N.H. testified that while on his lap, defendant deliberately grabbed her crotch area three times, and that she felt "violated" and "very uncomfortable." Each time she moved his hand away, but he touched her again. B.G. also testified that defendant touched her crotch area, claiming that she "moved it away three times, and he kept putting it back." B.G. initially thought it was accidental, but knew it was purposeful after the second time. Likewise, L.C. testified that defendant "put his hand down in my crotch area, and I moved it back, and he put it back forcefully," grabbing "kind of hard." She also thought it was an accident at first, but knew it was deliberate after she pushed his hand back and he repeated the movement. R.C. testified that defendant pulled her over and sat her on his lap and while she was on his lap he put his hand on her crotch area and squeezed. R.C. pushed his hand off, then he put it back a second time. She felt "disturbed" by the incident.

Two other girls testified that defendant grabbed their buttocks while they were on his lap that evening. First, J.B., age thirteen, testified that Santa rubbed her buttocks area with his hand, making her feel "uncomfortable." C.O., age fourteen, the sixth girl making allegations against defen-

dant, similarly complained. She decided to sit on defendant's lap to see if he was a "pervert," as the other girls claimed. At trial she testified that defendant "grabbed ahold of [her] bottom, and I pushed his hand away." She testified that the touching was not an accident and that it made her feel "very uncomfortable and mad." At trial, two other children testified that they saw defendant touch C.O.'s buttocks.

Later that evening, several of the girls went to a church leader, a former highway patrolman, and told him about the incidents. Based on information he provided, defendant was charged with five counts of lewdness involving a child, in violation of Utah Code Ann. § 76–9–702.5 (1990), and one count of gross lewdness, in violation of *id.* § 76–9–702, class A misdemeanors.[1]

After a bench trial, the court found defendant guilty on four counts of lewdness involving a child, and guilty on one count of gross lewdness for the incident involving C.O. The court found defendant not guilty on one count of lewdness involving a child, based on J.B.'s allegation that defendant touched her buttocks.

Defendant filed two post-trial motions. First, he moved for arrest of judgment and for an acquittal, asking the court to set aside its judgment. In this motion, defendant argued that under *State v. Vogt,* 824 P.2d 455 (Utah App.1991), his acts did not constitute lewdness involving a child, the crime for which he was charged. While this motion was pending, defendant filed a motion for arrest of judgment or in the alternative for a new trial on the single count of gross lewdness. In this motion defendant argued that the facts were insufficient to support the verdict, it was prejudicial to join the charges, and his legal representation was insufficient.

On January 19, 1993, the court denied both motions. Defendant was sentenced on May 3, 1993 to one year in the county jail and a fine of $750 on each count. The court suspended the jail sentence pending successful completion of probation.

Defendant argues on appeal that: (1) his conduct did not constitute lewdness involving a child because it failed to meet the elements of section 76–9–702.5; (2) the trial court erred by considering the testimony of four girls who alleged defendant touched their crotches when determining his guilt on the separate offense of gross lewdness for touching C.O.'s buttocks; and (3) the evidence does not support a finding of guilt on the count of gross lewdness.

## I. LEWDNESS INVOLVING A CHILD

### A. Acts Prohibited Under Section 76–9–702.5

We first focus on the statutory language of section 76–9–702.5, lewdness involving a child, to determine whether defendant's conduct amounted to gross lewdness within the meaning of that statute:

> (1) A person is guilty of lewdness involving a child if the person under circumstances not amounting to rape of a child, object rape of a child, sodomy upon a child, sexual abuse of a child, or an attempt to commit any of these offenses, performs an act of sexual intercourse or sodomy, exposes his or her genitals or private parts, masturbates, engages in trespassory voyeurism, or performs *any other act of gross lewdness,* under circumstances which he or she should know will likely cause affront or alarm, *to, on, or in the presence of* another who is under 14 years of age.
>
> (2) Lewdness involving a child is a class A misdemeanor.

Utah Code Ann. § 76–9–702.5 (1990) (emphasis added).

Relying on *State v. Vogt,* 824 P.2d 455 (Utah App.1991), defendant claims that touching a girl's clothed crotch area cannot be "gross lewdness" as required for a conviction under section 76–9–702.5. We deal with *Vogt* in some detail in order to clarify language in *Vogt* that may be misleading. In *Vogt,* the defendant entered a conditional guilty plea to attempted sexual abuse of a

---

**1.** The count of gross lewdness was predicated on C.O. being over the age of fourteen at the time of

the incident.

child in violation of Utah Code Ann. § 76–5–404.1 (1990),[2] a third degree felony, admitting he put his hands down the victim's pants and touched her vagina and buttocks in order to gratify his sexual desires. *Id.* at 456. On appeal, Vogt claimed that section 76–5–404.1, sexual abuse of a child, and section 76–9–702.5, lewdness involving a child, "proscribe the same offense, and since one carries a lesser penalty, the trial court erred in not applying the lesser penalty" under the *Shondel* doctrine.[3] *Id.* at 457.

The *Vogt* court gave alternative bases for its holding that there was no *Shondel* problem: The plain language of section 76–9–702.5(1) specifically excludes acts proscribed by section 76–5–404.1,[4] and the requisite mens rea under each statute is different. *Id.* at 459. The court stated:

> The *mens rea* necessary to be convicted of sexual abuse of a child under section 76–5–404.1 requires the defendant to act "with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person...." *Id.* On the other hand, the *mens rea* necessary to be convicted of lewdness involving a child under section 76–9–702.5 requires the defendant act "under circumstances which he or she should know will likely cause affront or alarm...." *Id.*

*Id.* at 459. These grounds are correct and support the *Vogt* court's determination that the *Shondel* doctrine did not preclude the defendant's conviction for sexual abuse of a child.

In discussing the defendant's *Shondel* argument, the *Vogt* court also made the following comments on which defendant relies in this appeal to claim that lewdness involving a child covers only "exposing" as opposed to "touching" conduct:

> This wording of the lewdness involving a child statute [section 76–9–702.5] proscribes the *exposing* of a child to sexual activity, and the general term "any other act of gross lewdness" is restricted to a sense analogous to such wording. These acts are committed either by the actor upon him or herself, or committed by the actor with or upon a person other than the victim, in the presence of the victim who must be under fourteen years of age. By contrast, section 76–9–702(3) proscribes the actual *touching* of the victim. Specifically, the gross lewdness statute proscribes the touching of "the anus, buttocks, or any part of the genitals of another person 14 years of age or older, or the breast of a female 14 years of age or older...."

*Id.* at 458.

 We agree with the trial court that the only way to rationalize this dicta is to find it relevant only to that portion of the lewdness involving a child statute actually considered by the *Vogt* court: "any other act of gross lewdness ... *in the presence of another* who is under 14 years of age."

---

2. This section provides in relevant part:
 (1) A person commits sexual abuse of a child if, under circumstances not amounting to rape of a child, object rape of a child, sodomy upon a child, or an attempt to commit any of these offenses, the actor touches the anus, buttocks, or genitalia of any child, the breast of a female child younger than 14 years of age, or otherwise takes indecent liberties with a child, or causes a child to take indecent liberties with the actor or another with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant.
 Utah Code Ann. § 76–5–404.1 (1990).

3. The *Shondel* doctrine requires that
 a statute creating a crime should be sufficiently certain that persons of ordinary intelligence who desire to obey the law may know how to conduct themselves in conformity with it. A fair and logical concomitant of that rule is that such a penal statute should be similarly clear, specific and understandable as to the penalty imposed for its violation.
 ....
 ... [W]here there is doubt or uncertainty as to which of two punishments is applicable to an offense an accused is entitled to the benefit of the lesser.
 *State v. Shondel*, 22 Utah 2d 343, 346, 453 P.2d 146, 148 (1969) (footnote omitted).

4. The plain language of section 76–9–702.5 specifically excludes the following acts, which are proscribed by section 76–5–404.1: *"rape of a child, object rape of a child, sodomy upon a child, sexual abuse of a child, or an attempt to commit any of these offenses."* Utah Code Ann. § 76–9–702.5 (1990) (emphasis added).

When read in its entirety, the plain language of section 76–9–702.5 applies to "any other act of gross lewdness ... *to, on, or in the presence of another* who is under 14 years of age." Utah Code Ann. § 76–9–702.5(1) (1990) (emphasis added). The *Vogt* court simply had no reason to focus on, and did not focus on the "on, or in the presence of" language, which plainly covers the touching type of offense of which defendant was convicted.[5] Thus, the plain language of section 76–9–702.5(1), "to, on, or in the presence of," prohibits more than exposure. As the State points out, to hold otherwise would protect children fourteen or older from being touched on the buttocks, genitals or breast under circumstances which the defendant knows or should know would likely cause affront or alarm to the victim under section 76–9–702(3), but children under fourteen would not be protected against this same behavior.[6] In sum, any language in *Vogt* that can be read to exclude touching conduct from those behaviors actionable under section 76–9–702.5 is disavowed.

### B. Conduct of Equal Gravity

Defendant next argues that there is no basis for the trial court's distinction between touching the clothed crotch of a girl under fourteen, conduct for which he was found guilty, and touching the clothed buttocks of a girl under fourteen, conduct for which he was found not guilty. He argues that neither act was of a magnitude equal to the conduct proscribed by section 76–9–702.5 and that he should have been found not guilty of both offenses.

■ "[A]n 'act of gross lewdness' as it appears in § 76–9–702.5, refers to an act of 'equal magnitude of gravity' as those acts 'specifically set forth in the statute,' namely, the exposure of genitals or private parts, masturbation, or trespassory voyeurism." *State v. Serpente*, 768 P.2d 994, 997 (Utah App.1989). Thus, to fall within the purview of "gross lewdness" within section 76–9–702.5, the act must be of the same gravity as the preceding enumerated acts within the statute. *Vogt*, 824 P.2d at 458; *Serpente*, 768 P.2d at 997.

■ In the instant case, the court concluded that touching a girl's clothed crotch intentionally and repeatedly was of like gravity to the acts enumerated in section 76–9–702.5, while the single touching of a girl's clothed buttocks was not. Under the facts presented, we cannot say the trial court erred in reaching that conclusion. Consequently, we affirm the trial court's determination that defendant was guilty under section 76–9–702.5 for touching the crotches of the four girls under fourteen.

### II. ADMISSION OF GIRLS' TESTIMONY UNDER RULE 404(b) UTAH RULES OF EVIDENCE

Defendant next contends the trial court erred by considering the testimony of the

---

5. Both the history of the gross lewdness statute and the Utah Supreme Court's interpretation of gross lewdness support our conclusion that the term "gross lewdness," as used in the current lewdness involving a child statute, includes precisely the type of conduct involved in this case.

In *In re L.G.W.*, 641 P.2d 127 (Utah 1982) (plurality opinion) (addressing offense committed when male motorcyclist approached female jogger and touched her buttocks), the supreme court defined the term "gross lewdness," as used in section 76–9–702, as touching the genitals, buttocks, female breast, or anus. *Id.* at 131. The lewdness statute in effect at the time of the *L.G.W.* decision stated:

(1) A person is guilty of lewdness if he fornicates, exposes his genitals or private parts, *or performs any other act of gross lewdness under circumstances which he should know will likely cause affront or alarm* or does any such act in a public place.

(2) Lewdness is a class B misdemeanor.

Utah Code Ann. § 76–9–702 (1973) (emphasis added).

The language in the 1973 lewdness statute construed by the supreme court in *L.G.W.*, "or performs any other act of gross lewdness under circumstances which he should know will likely cause affront or alarm," is essentially the same language found in the current lewdness involving a child statute, section 76–9–702.5. *See L.G.W.*, 641 P.2d at 131–32. Thus, the supreme court's interpretation of the same "gross lewdness" language in a prior statute supports our holding that the current statute includes touching offenses.

6. Furthermore, the construction defendant advocates, as pointed out by the State at oral argument, would lead to an absurd result: if a defendant touched the genitals of a child under fourteen he or she could not be convicted of lewdness involving a child; however, if a second child under the age of fourteen observed this touching, only then could the defendant be convicted under the statute.

four girls that defendant touched their clothed crotches in finding him guilty of the separate offense of gross lewdness for touching C.O.'s buttocks. The State counters that defendant failed to timely object to the evidence and thus, the issue was not preserved for appeal. Alternatively, the State claims the evidence is nevertheless admissible under Rule 404(b) because it proves defendant's intent and lack of mistake.

■ Rule 103(a) of the Utah Rules of Evidence mandates a timely objection to the trial court to preserve for appeal a contention of error in the admission of evidence. *State v. Loe,* 732 P.2d 115, 117 (Utah 1987) (per curiam); *accord State v. Schreuder,* 726 P.2d 1215, 1222 (Utah 1986). An objection to the evidence must be specific, clear and on the record, otherwise the issue will not be considered on appeal. *State v. Larsen,* 828 P.2d 487, 495 (Utah App.1992), *aff'd,* 865 P.2d 1355 (Utah 1993); *see also Lamb v. B & B Amusements Corp.,* 869 P.2d 926, 931 (Utah 1993).[7] We have "long refused to review matters raised for the first time on appeal where no timely and proper objection was made in the trial court." *Loe,* 732 P.2d at 117.

■ The trial court relied upon the testimony of four girls alleging defendant touched their crotches in finding defendant guilty of gross lewdness for touching C.O.'s buttocks. Our review of the record indicates that defendant did not object to the admission of the girls' testimony at trial.[8] Because he did not object at trial, we do not consider his claim of error on appeal.[9]

### III. INSUFFICIENT EVIDENCE OF GROSS LEWDNESS

Finally, defendant argues that his conviction for gross lewdness, for the incident involving C.O., is not supported by sufficient evidence.

In considering the challenge to the sufficiency of the evidence, we review the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict.... If, during our review, we find some evidence or inferences upon which findings of all the requisite elements of the crime can reasonably be made, we affirm.

*State v. Germonto,* 868 P.2d 50, 55 (Utah 1993) (citation omitted); *accord State v. Booker,* 709 P.2d 342, 345 (Utah 1985). "When reviewing the findings of a trial judge sitting without a jury, this court will overturn a guilty verdict only if it is clearly erroneous." *State v. Taylor,* 818 P.2d 1030, 1031 (Utah 1991) (citing *State v. Walker,* 743 P.2d 191, 192–93 (Utah 1987), *cert. denied,* —— U.S. ——, 112 S.Ct. 1576, 118 L.Ed.2d 219 (1992)).

We must consider this challenge in light of the statutory definition of gross lewdness: Gross lewdness is committed when a person (1) touches, whether or not through clothing, (2) the anus, buttocks, or any part of the genitals of another person, (3) fourteen years of age or older,[10] and (4) the actor knows or should know the conduct will likely cause affront or alarm. Utah Code Ann. § 76-9-702 (1990).

■ With respect to the first and second elements, defendant insists he did not touch C.O.'s buttocks. However, at trial C.O. testified defendant did touch her buttocks, and the court found her credible. Two other children testified they saw defendant touch C.O.'s buttocks. After listening "very care-

---

**7.** In *Lamb,* the supreme court held that an objection to the admission of testimony made at a side bar conference was insufficient to preserve the objection for appeal. *Lamb,* 869 P.2d at 931.

**8.** The closest defendant came to presenting this point to the court was in his motion for arrest of judgment, which was filed after the trial. In this motion, defendant argued that it was prejudicial to join the charges and that his legal representation was insufficient. However, even in this motion defendant raised no specific objection concerning the admission of the four girls' testimony.

**9.** We also note that defendant does not argue plain error on appeal. *State v. Gotschall,* 782 P.2d 459, 463 (Utah 1989) (imposing burden of showing plain error on party seeking to upset judgment).

**10.** It is undisputed that C.O. was fourteen years of age at the time of the incident.

fully" to the testimony of defendant and each of the girls, the court found that defendant grabbed C.O.'s buttocks twice, making her feel uncomfortable. Similarly, the evidence suggests that defendant knew or should have known the conduct would cause affront or alarm. Recognizing that defendant's movements were repeated, the court found his conduct 'to be "intentional[,] knowing or reckless." ' Defendant presented no evidence that contradicted the above testimony and findings. Defendant's evidence consisted merely of general reputation testimony that did not directly controvert the evidence presented by the victim.

Taken together, this evidence supports findings on all of the elements of gross lewdness, and we cannot say the court's findings were clearly erroneous. Based upon the evidence, we affirm the court's conclusion that defendant was guilty of gross lewdness.

## CONCLUSION

Defendant's conduct of touching the four girls' clothed crotches constituted lewdness involving a child under section 76–9–702.5. Defendant did not object at trial to the admission of the four girls' testimony as to his touching their crotches when the trial court considered the separate offense of gross lewdness. Consequently, we do not consider this argument on appeal. Finally, the evidence supports findings on all of the elements of gross lewdness. Therefore, we affirm defendant's convictions.

BENCH and GREENWOOD, JJ., concur.