2000 UT App 124

**STATE of Utah, in the interest of A.T., a person under eighteen years of age.**

**A.T., Appellant,**

v.

**State of Utah, Appellee.**

**No. 990276–CA.**

Court of Appeals of Utah.

May 5, 2000.

Alan M. Williams, Vernal, for Appellant.

Jan Graham, Attorney General, and Karen A. Klucznik, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges GREENWOOD, JACKSON, and DAVIS.

## OPINION

DAVIS, Judge:

¶ 1 A.T. appeals from an adjudication finding him guilty of lewdness, a class B misdemeanor, in violation of Utah Code Ann. § 76–9–702 (1999). We reverse.

## FACTS

¶ 2 We "review[ ] the facts in the record in the light most favorable to the verdict." *State v. Layman,* 1999 UT 79, ¶ 3, 985 P.2d 911.

¶ 3 On September 26, 1998, between 9:00 and 10:00 p.m., A.T. was riding in a friend's pick-up truck when they pulled into a local convenience store. A.T. exited the truck and stepped onto the sidewalk in front of the vehicle. A woman was sitting in her vehicle, which was two car stalls over from A.T.'s truck. The woman noticed A.T. look at her and watched as he "grabbed ahold of his crotch and shook it up and down." A.T.'s gesture lasted about ten to fifteen seconds. A.T. then leaned over to speak to the driver of the truck, who was working on the truck's license plate, laughed, and "put his hand over his crotch again and rub[bed] it up and down" while pointing at the woman.

¶ 4 A.T.'s gestures were observed by a plain-clothed police officer who was working undercover at the convenience store. A petition was subsequently filed with the juvenile court charging A.T. with lewdness, in violation of section 76–9–702(1)(c) of the Utah Code. A.T. was adjudicated guilty after a bench trial. The trial court made the following ruling:

I do believe that—and I find beyond a reasonable doubt that the conduct was intentional. I find that the conduct was that he grabbed his crotch and that he rubbed it in a sexually explicit sort of way and of duration that is different than scratching himself. . . .

I believe that happened, and I believe he did it to communicate an offensive meaning to the victim, and to offend her or to communicate an offensive meaning. I believe it was of such a nature that it would likely cause—it would no doubt cause affront or alarm, and did, in fact, do that with the victim.

I use those words carefully. You notice I have not used the word "masturbate." I'm not going to find that he masturbated in the presence of another. . . .

I do find that that is inappropriate and offensive, and do find based on the language of the statute that it does violate the lewdness statute.

A.T. appeals the adjudication.

## ISSUES AND STANDARD OF REVIEW

¶ 5 A.T. raises two issues on appeal. First, he argues that section 76–9–702(1)(e) is unconstitutionally vague both facially and as applied. Alternatively, A.T. argues that the trial court erred in ruling that his conduct fell within the statutory definition of lewdness. The State contends that section 76–9–702(1)(e) withstands constitutional scrutiny and that A.T.'s conduct amounted to masturbation, therefore falling under section 76–9–702(1)(c) of the lewdness statute.

¶ 6 A.T. does not challenge the underlying facts. Thus, because "the sole issue on appeal is the construction of § 76–9–702[,] . . . we apply a correction of error standard." *State v. Serpente,* 768 P.2d 994, 995 (Utah Ct.App.1989).

## ANALYSIS

¶ 7 The lewdness statute provides, in relevant part:

A person is guilty of lewdness if the person under circumstances not amounting to rape, object rape, forcible sodomy, forcible sexual abuse, aggravated sexual assault, or an attempt to commit any of these offenses, performs any of the following acts under circumstances which the person should know will likely cause affront or alarm to, on, or in the presence of another who is 14 years of age or older;

(a) an act of sexual intercourse or sodomy;

(b) exposes his or her genitals, the female breast below the top of the areola, the buttocks, the anus, or the pubic area;

(c) masturbates;

(d) engages in trespassory voyeurism; or

(e) any other act of lewdness.

Utah Code Ann. § 76–9–702(1) (1999).[1]

■ ¶ 8 The State argues that A.T.'s conduct amounts to masturbation, therefore falling under subsection (c) of section 76–9–702(1). "[B]asic rules of statutory construction demand that words be interpreted according to their plain meaning unless the context justifies a different interpretation." *Serpente*, 768 P.2d at 997; *accord C.T. ex rel. Taylor v. Johnson*, 1999 UT 35,¶ 9, 977 P.2d 479. "Masturbation" is defined as "erotic stimulation of the genital organs commonly resulting in orgasm and achieved by manual or other bodily contact." Webster's Ninth New Collegiate Dictionary 732 (1990). We agree with the trial court and cannot say that A.T.'s gesture amounted to masturbation. Accordingly, we reject the State's contention that A.T.'s conduct fell under subsection (c).

■ ¶ 9 Because A.T.'s conduct does not fall under subsections (a), (b), (c), or (d), we turn our focus to subsection (e) which prohibits "any other act of lewdness." Utah Code Ann. § 76–9–702(1)(e) (1999). A.T. argues that this language is unconstitutionally vague because it does not sufficiently describe the prohibited conduct.

¶ 10 Similar language was discussed in *In re L.G.W.*, 641 P.2d 127 (Utah 1982), *superseded by statute on other grounds as stated in In re R.L.I.*, 771 P.2d 1068 (Utah 1989). There, the court had before it an earlier version of section 76–9–702, which provided: " 'A person is guilty of lewdness if he [1] fornicates, [2] exposes his genitals or private parts, or [3] *performs any other act of gross lewdness* under circumstances which he should know will likely cause affront or alarm or does any such act in a public place.' " *Id.* at 131 (quoting Utah Code Ann. § 76–9–702) (alterations in original). The court acknowledged that the language "any other act of gross lewdness" could be void for vagueness "unless [it] construe[d] that language to put limits to its otherwise vague connotations." *Id.*

■ The phrase "act of gross lewdness" is not subject to a plain meaning, but rather must derive its definition from the context in which it appears. To this end, we resort to the doctrine of *ejusdem generis*. This doctrine provides that "where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated."

*Serpente*, 768 P.2d at 997 (quoting Black's Law Dictionary 464 (5th ed.1979)).

¶ 11 In *Serpente*, the defendant "raise[d] her dress above her buttocks" to " 'flash' " or " 'moon' " her son's teacher. 768 P.2d at 995. Because she did this in front of students who were under the age of fourteen, she was charged and convicted of lewdness involving a child, in violation of Utah Code Ann. § 76–9–702.5 (1988). *See Serpente*, 768 P.2d at 995.

¶ 12 Section 76–9–702.5 provided, in relevant part:

A person is guilty of lewdness involving a child if the person under circumstances not amounting to rape of a child, object rape of a child, sodomy upon a child, sexual abuse of a child, or an attempt to commit any of these offenses, performs an act of sexual intercourse or sodomy, exposes his or her genitals or private parts, masturbates, engages in trespassory voyeurism, *or performs any other act of gross lewdness,* under circumstances which he or she should know will likely cause affront or alarm, to, on, or in the presence of another who is under 14 years of age.

Utah Code Ann. § 76–9–702.5 (1988) (emphasis added).[2]

---

1. Section 76–9–702 was amended in 1999. *See* Sexual Offense Amendments, ch 302, § 6, 1999 Utah Laws 998. The 1999 amendment made both stylistic and substantive changes. *See id.* Because the amendment does not change our analysis, however, we cite to the most recent version of section 76–9–702.

2. The language in section 76–9–702.5(1) is nearly identical to that at issue here in section 76–9–702(1). The difference between the two statutes is the victim's age. The term "gross" was deleted in section 76–9–702.5 in 1994. *See* Lewdness Amendments, ch. 131, § 2, 1994 Utah Laws 593.

The Legislature amended section 76–9–702 to reflect a difference between "gross lewdness"

¶ 13 *Serpente* addressed whether the defendant's gesture amounted to an "act of gross lewdness." 768 P.2d at 996–97. Recognizing the possible problem with vagueness, the court applied the doctrine of *ejusdem generis. See id.* at 997. The court held that an " 'act of gross lewdness' as it appears in § 76–9–702.5, refers to an act of 'equal magnitude of gravity' as those acts 'specifically set forth in the statute.' " *Id.* Because the defendant's showing of her clothed buttocks did not reach the magnitude of gravity as the exposure of genitals or private parts, masturbation, or trespassory voyeurism, the court reversed her conviction for lewdness involving a child. *See id.*

¶ 14 Applying the same analysis used in *Serpente* to the case before us, as used in section 76–9–702(1)(e), "any other act of lewdness" refers to an act of equal magnitude of gravity as those acts specifically set forth in section 76–9–702(1)(a)–(d). Accordingly, to violate section 76–9–702(1)(e), A.T.'s conduct must rise to the level of sexual intercourse or sodomy, exposing his genitals, buttocks, anus, or his pubic area, masturbating, or trespassory voyeurism. *See* Utah Code Ann. § 76–9–702(1)(a)–(d) (1999). Although A.T.'s gestures were certainly immature and offensive, they are not of similar gravity as the conduct expressly proscribed by section 76–9–702(1)(a)–(d).[3] We therefore reverse the juvenile court's adjudication finding A.T. guilty of lewdness.

## CONCLUSION

¶ 15 A.T.'s gesture did not amount to masturbation. Furthermore, we reject A.T.'s argument that the language "any other act of lewdness" is unconstitutionally vague. By applying the doctrine of *ejusdem generis*, we

interpret the phrase "any other act of lewdness" to include conduct of equal magnitude of gravity as the other expressly proscribed conduct in section 76–9–702(1)(a)–(d). Because A.T.'s conduct does not reach the same magnitude of gravity, we reverse the juvenile court's adjudication finding him guilty of lewdness.

¶ 16 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, NORMAN H. JACKSON, Associate Presiding Judge.

and "lewdness" in 1989. *See* Lewdness Amendments, ch. 52, § 1, 1989 Utah Laws 132. "Gross lewdness" includes the intentional touching of a victim, while ordinary "lewdness" does not. *See id.*

In 1999, "gross lewdness" was renamed as "sexual battery." *See* Sexual Offense Amendments, ch. 302, § 6, 1999 Utah Laws 996 (codified at Utah Code Ann. § 76–9–702(3) (1999)).

**3.** We are also mindful that A.T.'s conduct, though offensive, might also be considered expressive symbolic speech which, if encompassed

within section 76–9–702's proscription, may raise a question as to that statute's constitutionality under the First Amendment. *Cf. Cohen v. California*, 403 U.S. 15, 24–26, 91 S.Ct. 1780, 1788–89, 29 L.Ed.2d 284 (1971) (reversing on First Amendment grounds defendant's conviction which was premised on defendant's wearing t-shirt to courthouse which said, "Fuck the Draft"); *see also In re L.G.W.*, 641 P.2d at 131 (stating that reviewing court has "obligation to construe a statute, wherever possible, to avoid constitutional infirmities").