34 P.3d 228 (2001)
2001 UT 82
STATE of Utah, in the interest of A.T., a person under eighteen years of age.
State of Utah, Petitioner,
v.
A.T., Respondent.
No. 20000594.
Supreme Court of Utah.
September 25, 2001.
*229 Mark L. Shurtleff, Att'y Gen., Karen A. Klucznik, Asst. Att'y Gen., Salt Lake City, for petitioner.
Alan M. Williams, Vernal, for respondent.

ON CERTIORARI TO THE UTAH COURT OF APPEALS
WILKINS, Justice:
¶ 1 A.T., a minor, was charged in juvenile court with lewdness, specifically, masturbating in the presence of another in a lewd and offensive manner, a violation of section 76-9-702(1) of the Utah Code, a class B misdemeanor if committed by an adult. The charge was adjudicated as true, and A.T. appealed to the court of appeals. The court of appeals reversed, and the State petitioned for certiorari, which we granted. We reverse the court of appeals and reinstate the adjudication of the juvenile court.

*230 BACKGROUND
¶ 2 In the late evening of September 26, 1998, fifteen-year-old A.T. was riding in a friend's truck when they stopped in the parking lot of a 7-Eleven store in Vernal. A.T. got out of his friend's pick-up truck and stood on the sidewalk in front of the parked cars in the lot. A woman was sitting in a car two cars over from where they parked. A.T. looked at her and "grabbed ahold of his crotch and shook it up and down" for ten to fifteen seconds. The woman responded by rolling up her car window. A.T. then leaned over to say something to his friend who was working on the pick-up's front license plate, looked back at the woman, and laughed. He then faced the woman again, "put his hand over his crotch again" and rubbed "it up and down" while pointing at the woman. The woman was "shocked," and the display made her "[v]ery uncomfortable." The incident was also observed by a plainclothes deputy sheriff standing a short distance away using the payphone. The officer described A.T.'s conduct as "more than just a scratch," and as someone "playing with themselves." Subsequently, A.T. was charged with masturbating in the presence of another in a lewd and offensive manner, a violation of the lewdness statute, section 76-9-702(1) of the Utah Code.[1]
¶ 3 After a bench trial, the juvenile court found beyond a reasonable doubt that A.T.'s conduct was intentional, that the conduct was "that he grabbed his crotch and that he rubbed it in a sexually explicit sort of way and of duration that is different than scratching himself," and that he did it "to offend [the victim] or to communicate an offensive meaning." The court also found that the conduct was of such a nature that it would "no doubt" cause offense to the victim, and that it did just that. The trial court declined to describe A.T.'s conduct as masturbation, but nonetheless found the conduct to be an act of lewdness prohibited by section 76-9-702(1). As a result, the juvenile court adjudicated the charge as true.[2]
¶ 4 A.T. appealed to the court of appeals, arguing that the statute under which he was adjudicated was unconstitutionally vague, or alternatively that his conduct did not fall within the definition of lewdness set forth in the statute. The State argued that A.T.'s conduct amounted to masturbation as prohibited by the statute. Although the juvenile court refused to decide whether A.T.'s conduct amounted to masturbation, the court of appeals, regarding whether A.T. masturbated, stated, "We agree with the trial court and cannot say that A.T.'s gesture amounted to masturbation."[3]A.T. v. State, 2000 UT App. 124, ¶ 8, 34 P.3d 225. The court of appeals, however, went beyond the decision of the juvenile court to conclude, as a matter of law, that "A.T.'s gesture did not amount to masturbation." Id. at ¶ 15, 34 P.3d 225. The court of appeals then turned to whether A.T.'s conduct fell within the catchall phrase, "any other act of lewdness." The court of appeals held that A.T.'s conduct did not rise to the level necessary to be considered lewdness as proscribed by the statute because A.T.'s conduct was not of "equal magnitude of gravity" as the acts specifically set forth in the statute. Id. at ¶¶ 9-14, 34 P.3d 225. The court of appeals also rejected A.T.'s argument that the language "any other act of lewdness" was unconstitutionally vague. Id. at ¶ 15, 34 P.3d 225. The court of appeals therefore reversed the trial court's adjudication against A.T. The State seeks our review.

*231 STANDARD OF REVIEW AND ISSUE RAISED ON APPEAL
¶ 5 On certiorari we review the decision of the court of appeals, not the decision of the trial court. State v. James, 2000 UT 80, ¶ 8, 13 P.3d 576. In doing so, we review for correctness, giving the court of appeals' conclusions of law no deference. Id. Only the State seeks our review, raising a single issue: Whether the court of appeals misinterpreted the lewdness statute to exclude A.T.'s conduct as neither masturbation nor as "any other act of lewdness."

ANALYSIS
¶ 6 In reaching the conclusion that A.T.'s conduct did not qualify as masturbation or another act of lewdness under section 76-9-702, the court of appeals relied upon the facts as found by the trial court. Because A.T. did not contest the facts as so found, both the court of appeals and this court accept them as correct in applying the statute.
¶ 7 The statute at issue, section 76-9-702, reads as follows:
(1) A person is guilty of lewdness if the person under circumstances not amounting to rape, object rape, forcible sodomy, forcible sexual abuse, aggravated sexual assault, or an attempt to commit any of these offenses, performs any of the following acts under circumstances which the person should know will likely cause affront or alarm to, on, or in the presence of another who is 14 years of age or older;
(a) an act of sexual intercourse or sodomy;
(b) exposes his or her genitals, the female breast below the top of the areola, the buttocks, the anus, or the pubic area;
(c) masturbates;

(d) engages in trespassory voyeurism; or
(e) any other act of lewdness."
Utah Code Ann. § 76-9-702(1) (1996) (amended 2000) (emphasis added). In its opinion, the court of appeals addressed first the definition of masturbation as used in the statute, and finding it to be inapplicable to A.T.'s conduct, next considered the broader language of subsection (e) proscribing "any other act of lewdness." Here, to demonstrate that the language "any other act of lewdness" language was not unconstitutionally vague, the court of appeals applied the doctrine of ejusdem generis, comparing the phrase "any other act of lewdness" to the specifically enumerated acts of lewdness set forth in subsections (a) through (d) of the statute, and concluded that A.T.'s conduct did not meet that standard as a matter of law.
¶ 8 In reaching that conclusion, the court of appeals relied upon its own decision in State v. Serpente, 768 P.2d 994 (Utah Ct.App. 1989). Serpente involved a case of "mooning" that the court of appeals concluded did not rise to the level of an "act of gross lewdness," when compared with the specified acts listed in the relevant statute. Id. at 995-97 (defendant's "flash" or "moon" involved her clothed buttocks and no naked skin). Serpente discussed the doctrine of ejusdem generis, explaining that in order to give meaning to a general catchall phrase at the end of a statutory list of more specific proscribed acts, the court considers only those acts as prohibited as are "of equal magnitude of gravity" as those acts specifically set forth in the statute. Id. at 997. We disagree with the conclusion of the court of appeals regarding the standard and its result from applying the doctrine of ejusdem generis in this case.

I. THE COURT OF APPEALS' DECISION REGARDING MASTURBATION
¶ 9 We first address whether the court of appeals properly considered whether A.T.'s conduct constitutes masturbation. The trial court, concluding as it did that A.T.'s conduct constituted an "other act of lewdness" prohibited by the statute, did not reach the question of whether or not A.T.'s conduct also amounted to masturbation. Yet, the court of appeals accepted the State's invitation to decide the issue not reached by the trial court, and defined masturbation to the degree that it excluded A.T.'s conduct. It was error for the court of appeals to have decided the issue.

*232 II. "ANY OTHER ACT OF LEWDNESS"
¶ 10 The court of appeals concluded that A.T.'s conduct was not "any other act of lewdness." We disagree. A.T. should have known his behavior would likely cause affront or alarm to the woman in the parking lot. To an objective viewer, A.T. conveyed the appearance of masturbation. Both the observing woman and nearby police officer identified A.T.'s action as masturbation, and the trial court found that "he grabbed his crotch and that he rubbed it in a sexually explicit sort of way. . . ." A.T. stood in public view, on the walk in front of the convenience store. He identified the person in the nearby car as a woman, and with the intent to offend his identified victim, clutched at his clothed genitals, rubbing them up and down in a sexually suggestive manner for ten to fifteen seconds like "someone playing with themselves," as the deputy sheriff described it. He then turned, laughed with his companion, again faced the woman, pointed at her, and repeated his actions in her view with the evident purpose of offending her. He achieved the result of offending the victim by conveying the appearance of masturbation. It is precisely this type of conduct that the legislature intended to prohibit in enacting the statute.
¶ 11 We conclude that A.T.'s conduct constitutes a deliberate simulation of masturbation, and is an "other act of lewdness" under the statute.
¶ 12 The court of appeals erred in its application of the doctrine of ejusdem generis to the language of subsection (1)(e), "any other act of lewdness." The doctrine of ejusdem generis applies in instances where an inexhaustive enumeration of particular or specific terms is followed by a general term or terms that suggest a class. The doctrine declares that in order to give meaning to the general term, the general term is understood as restricted to include things of the same kind, class, character, or nature as those specifically enumerated, unless there is something to show a contrary intent. See Parrish v. Richards, 8 Utah 2d 419, 421-22, 336 P.2d 122, 123 (1959). See generally 2A Norman J. Singer, Statutes and Statutory Construction § 47:17-18 (6th ed.2000); 73 Am.Jur.2d Statutes § 214-216 (1974). Unsurprisingly, the words ejusdem generis mean "of the same kind or class." See, e.g., Black's Law Dictionary 535 (7th ed.1999); Singer, supra, § 47:17.
¶ 13 Section 76-9-702's catchall phrase, "any other act of lewdness" must be interpreted to include other acts of the same general kind, class, character, or nature as those enumerated beforehand; acts similar in kind, class, character, or nature to public intercourse, sodomy, exposure of the genitals or buttocks, or masturbation. This obviously includes a wide variety of acts that to some may not be as seriously offensive as others listed in the subsections, such as public sexual intercourse or sodomy, but are similar in kind, class, character, or nature as the others. This category clearly includes the simulation of masturbation in a public place with the intent to offend, just as it would the simulation of sexual intercourse or sodomy under the same circumstances.

CONCLUSION
¶ 14 The judgment of the court of appeals is reversed, and the adjudication of the juvenile court is reinstated.
¶ 15 Chief Justice HOWE, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.
RUSSON, Associate Chief Justice, dissenting:
¶ 16 I dissent. I would vacate and remand the case to the trial court for findings of fact on the most important issue in this case whether the actions of A.T. constituted masturbation, the act with which he was specifically charged. The trial court evaded such finding, leaving it instead to the appellate courts. The trial judge stated:
You notice I have not used the word "masturbate." I'm not going to find that he masturbated in the presence of another. I'll leave it to the appellate courts. If they want to define "masturbate," they can define it however they want. I'm very carefully *233 just saying what I find that the young man did.
¶ 17 A.T. testified at trial that he had scratched himself for less than a second. The woman witness testified that A.T. had rubbed his crotch up and down for ten to fifteen seconds. The deputy sheriff testified that A.T.'s conduct was more than a scratch, as someone playing with himself. The trial judge made no finding as to length of time but found that A.T. had rubbed his crotch in a sexually explicit sort of way and "of duration that is different than scratching himself."
¶ 18 However, the court of appeals made its own findings that A.T.'s conduct had lasted ten to fifteen seconds and did not constitute masturbation. Now the majority finds that A.T.'s conduct, as described by the trial judge of duration "different than scratching," constituted the "simulation of masturbation."
¶ 19 The role of a trial judge is to weigh the evidence, make findings of fact based upon that evidence, and reach legal conclusions based upon those facts. On appeal, the role of an appellate court is to determine, where properly raised, if there was sufficient evidence to support the trial court's findings of fact and/or to determine if the findings of fact support the legal conclusions and/or if the legal conclusions of the trial court were correct. Appellate courts are not to reweigh the evidence and make their own findings. Where the findings are inadequate, the case should be remanded to the trial court.
¶ 20 The trial judge in this case should have made specific findings as to A.T.'s exact movements and the length of time involved and then made a legal conclusion in regard thereto. Then the court of appeals could have properly determined if there was sufficient evidence to support the trial court's findings and if those findings supported the legal conclusion reached by the trial court. It was error for the court of appeals to make its own findings as to the duration of A.T.'s actions. This case should be remanded to the trial court for appropriate findings of fact and conclusions as to whether A.T.'s actions constituted masturbation.
¶ 21 If on remand the trial court concludes, based upon its findings, that the acts of A.T. did not constitute masturbation, it would then have to determine whether A.T.'s acts were in violation of the statute's catchall phrase "any other act of lewdness." To make this determination under the rule of ejusdem generis, the trial court would have to determine whether A.T.'s acts were of equal magnitude or gravity as those specific acts set forth in the statute. This application of ejusdem generis applies inasmuch as we are dealing with "actions," not things. Of necessity the actions must be examined as to whether they are of the same magnitude or gravity as the specific acts. As the majority correctly points out, the purpose of the doctrine of ejusdem generis is to interpret the general term, and the general term is restricted in scope to same kind, class, character, or nature as the specific terms. Deciding whether an act, as opposed to a thing, is of the same character or nature of the act specified in the statute necessitates an examination as to whether such act is of equal magnitude or gravity with those acts specifically set forth in the statute. Otherwise, the application of "any other act of lewdness" would be vague and unconstitutional.
¶ 22 I would reverse the court of appeals and direct it to remand this case to the trial court for findings of fact based upon the evidence as to A.T.'s exact acts and the duration thereof and conclusions of whether A.T.'s acts constituted masturbation and, if not, whether such acts were of equal magnitude or gravity with the specific acts stated in the statute so as to constitute an "other act of lewdness."
NOTES
[1] Section 76-9-702 was amended effective May 1, 2000, see Utah Code Ann. § 76-9-702 (Supp. 2000) amend. notes, but the changes do not affect our analysis. We apply the statute in effect at the time of A.T.'s conduct.
[2] Unlike the adult system, the juvenile court does not find a juvenile defendant "guilty" of a criminal charge, but rather "adjudicates" a charge or petition that the defendant has committed an act that would be a crime if committed by an adult, and finds the charge or petition to have been proved true or not true. See Utah Code Ann. § 78-3a-103(1)(b) (Supp.2000) (defining adjudication as "a finding by the [juvenile] court . . . that the facts alleged in [a] petition have been proved").
[3] The trial court specifically declined to determine whether A.T.'s actions constituted masturbation, leaving the question to the appellate courts and relying instead on the catchall phrase "any other act of lewdness," § 76-9-702(1)(e), in finding the allegation true.