2001 UT App 317

**STATE of Utah, Plaintiff and Appellee,**

v.

**Ricky Allen TUELLER, Defendant and Appellant.**

**No. 990820–CA.**

Court of Appeals of Utah.

Oct. 25, 2001.

---

Stephen R. McCaughey, McCaughey & Metos, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General and Christine Soltis, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and DAVIS.

## OPINION

BENCH, Judge:

¶ 1 Defendant Ricky Allen Tueller appeals his conviction for Sexual Abuse of a Child, a second degree felony, in violation of Utah Code Ann. § 76-5-404.1 (1999). We affirm.

### BACKGROUND

¶ 2 "We view the facts in the light most favorable to the jury verdict and recite them accordingly." *State v. Loose*, 2000 UT 11, ¶ 2, 994 P.2d 1237. On August 11, 1998, between 7:30 and 8:00 p.m., Ken Nielson went into the men's bathroom in the clubhouse of the trailer park where both Defendant and the victim (R.G.) lived. Mr. Nielson observed Defendant laying on top of R.G., a nine-year-old girl with an I.Q. of 60, on the bathroom floor. Mr. Nielson testified that Defendant's pants were pulled down to his buttocks and that R.G.'s panties were pulled down to her knees and her legs were "kind of open." Mr. Nielson also testified that Defendant had "one knee between" R.G.'s legs and his head on her chest.

¶ 3 Mr. Nielson worked as a maintenance man at the trailer park and recognized both Defendant, who was the father of one of his friends, and R.G., who lived near Defendant and often played with Defendant's children. Defendant and R.G. became aware of Mr. Nielson's presence, and immediately R.G. stood and pulled up her panties. Mr. Nielson called Defendant a "sick pervert or a sick bastard" and walked into the first stall.

¶ 4 Mr. Nielson heard Defendant and R.G. leave and decided to follow them. He checked the women's bathroom, then saw Defendant holding R.G. by the arm and walking her towards Defendant's trailer. Mr. Nielson went to the manager's office, and had the manager call the police.

¶ 5 The police arrived shortly after 8:00 p.m. and, after talking with Mr. Nielson about what he had seen, went to R.G.'s trailer. R.G.'s mother was not home and her father said he did not know where R.G. was. The police then went to Defendant's trailer and knocked on the door. When the door opened, R.G. ran towards her father, who was standing near the police officers. Officer Day, one of the responding officers, described R.G. as "visibly upset, trembling[,] some crying ... kind of a loud, emotional outburst." At about 8:55 p.m., Detective Hudson interviewed R.G. and her mother, who had arrived in the interim. Detective Hudson described R.G.'s emotional condition much as Officer Day had, clinging to her mother, trembling, and crying in response to the detective's questions. During that interview, R.G. said that Defendant had asked her to go to the clubhouse bathroom. She then demonstrated where on her legs her panties had been pulled down to, but said that Defendant had not touched her "private parts."

¶ 6 Defendant was arrested and charged with sexual abuse of a child. In a subsequent trial, a jury convicted Defendant of the charged offense from which Defendant now appeals.

### ISSUES AND STANDARDS OF REVIEW

¶ 7 Defendant raises several issues on appeal. First, he argues that the trial judge was biased and should have recused himself. "Determining whether a trial judge committed error by failing to recuse himself ... is a question of law, and we review such questions for correctness." *State v. Alonzo*, 973 P.2d 975, 979 (Utah 1998). Second, Defendant argues that there was insufficient evidence to convict him. "We will overturn a conviction for insufficient evidence when it is apparent that there is not sufficient competent evidence as to each element of the crime charged for the fact-finder to find, beyond a reasonable doubt, that the defendant committed the crime." *State v. Boyd*, 2001 UT 30, ¶ 13, 25 P.3d 985 (internal quotations and

citation omitted). Third, Defendant contends that the trial court erred when it included a jury instruction stating the jury had to acquit Defendant of the greater offense before it could consider the lesser offense. "Whether the trial court erred by mandating an order of deliberation in relation to the charged offense and the lesser included offense is a question of law, which we review for correctness." *State v. Piansiaksone*, 954 P.2d 861, 869 (Utah 1998). Finally, Defendant argues that the trial court erred in admitting the victim's out-of-court statements under the excited utterance exception to the hearsay rule. "We will not disturb a trial court's admission of evidence unless the court has clearly abused its discretion." *West Valley v. Hutto*, 2000 UT App 188,¶ 9, 5 P.3d 1 (internal quotations and citation omitted).

## ANALYSIS

### I. Trial Judge's Recusal

¶ 8 Defendant acknowledges that he raises the issue of recusal for the first time on appeal. Therefore, he has not properly preserved it for review. *See Straley v. Halliday*, 2000 UT App 38,¶ 9, 997 P.2d 338. Defendant, however, implies that his trial counsel preserved the issue for appeal when, during a sidebar conference, he said, "I'm going to ask for a mistrial." Rule 29 of the Utah Rules of Criminal Procedure clearly requires that a motion to disqualify a judge "shall be accompanied by a certificate that the motion is filed in good faith and shall be supported by an affidavit stating facts sufficient to show bias or prejudice, or conflict of interest." Utah R.Crim. P. 29(c)(1)(a). Without having fulfilled the mandates of Rule 29, Defendant did not raise the issue of bias before the trial court to "a level of consciousness such that the trial judge [could] consider it." *State v. Brown*, 856 P.2d 358, 361 (Utah Ct.App.1993) (internal quotations and citations omitted).

¶ 9 Having failed to properly preserve the issue of judicial bias for our review, Defendant must show either "plain error" or "exceptional circumstances" before we can review this issue. *State v. Holgate*, 2000 UT

74,¶ 11, 10 P.3d 346 (internal quotations omitted). To establish plain error, Defendant must show the following: "(i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant." *State v. Dunn*, 850 P.2d 1201, 1208–09 (Utah 1993). Defendant argues that the trial court erred when it (1) rehabilitated four potential jurors, but not a fifth, (2) admonished Defendant against signaling a testifying witness, and (3) discussed Defendant's violation of his pretrial release order.

¶ 10 "[A] question of potential [juror] bias arises when a prospective juror indicates that he or she has been the victim of a [crime similar to that with which the defendant is charged]." *State v. Wach*, 2001 UT 35,¶ 29, 24 P.3d 948. "[W]hen such a question arises, the court . . . must investigate further to determine if the juror can be impartial despite the past experience." *Id.* None of the five potential jurors had been a victim of sexual abuse, but they indicated that they knew or were related to people who had been. The trial court properly attempted to determine whether these jurors could be impartial by questioning them about their relationships with people they knew who had been victims of sexual abuse.

¶ 11 Defendant contends, however, that the trial court exhibited actual bias by not excusing the four jurors who knew victims of sexual abuse, while excusing the juror who was currently housing a victim who was also an alleged perpetrator. We grant the trial court considerable deference in its decisions to dismiss jurors for cause because we recognize "the trial judge's somewhat advantaged position in determining which persons would be fair and impartial jurors." *Id.* at ¶ 25 (internal quotations and citation omitted). Here, the four jurors not excused had relatives who had been sexually abused sometime in the past, whereas the juror who was excused had an alleged perpetrator then residing with her. We cannot conclude that this exercise of judicial discretion exhibited actual bias.[1]

---

1. Even if the court erred by not excusing all of the potential jurors, the error was harmless as none of the potential jurors sat on the jury that convicted Defendant. *See State v. Menzies*, 889

P.2d 393, 398 (Utah 1994) ("To prevail on a claim of error based on the failure to remove a juror for cause, a defendant must demonstrate

¶ 12 We are also unconvinced by Defendant's assertion that the trial judge demonstrated actual bias when he admonished Defendant in the jury's presence about signaling a witness. We recognize that the trial judge has an " 'advantaged position ... to determine the impact of events occurring in the courtroom on the total proceedings.' " *State v. Kohl*, 2000 UT 35, ¶ 20, 999 P.2d 7 (citation omitted). The trial judge had the opportunity to observe Defendant as each witness testified and saw something during the testimony of Defendant's son that caused concern. It is reasonable to assume that if the judge noticed Defendant's hand movements, the jury might also have noticed them. Thus, we conclude that the trial judge acted within his discretion in responding to events in his courtroom.

¶ 13 The trial judge also adequately cured any appearance of impropriety by reminding the jurors that they were the "sole judges of the facts of the case and the credibility of witnesses." *See Alonzo*, 973 P.2d at 980 (holding trial judge's comments were not reversible error because he "sought to cure any perception of favoritism" by instructing the jury that it alone would determine the facts). The judge went even further in explaining to the jury that Defendant may have simply had an emotional response to a family member testifying, and that the judge had not specifically forewarned Defendant about making hand signals.

¶ 14 Finally, Defendant argues that the trial judge exhibited actual bias in discussing with counsel, out of the presence of the jury, possible witness tampering charges. Defendant's argument is without merit. We decline to discuss the propriety of the judge's comments as Defendant cannot show how, absent the judge's comments, the result would have been different. The jury was the sole determiner of the facts in this case, and this conversation regarding Defendant's perjury and his violation of the pretrial release order occurred out of the jury's presence and after the defense rested; thus, the conversation had no impact on the verdict.

¶ 15 Defendant suggests that even if these comments do not demonstrate actual bias of the trial judge, the appearance of bias

prejudice, *viz.*, show that a member of the jury

that they suggest was prejudicial because the trial judge sentenced Defendant to prison. We do not agree. During the conference when they were discussing Defendant's violation of the pretrial release order, the trial judge told Defendant that although he had "said some harsh things," when time came for sentencing, he would listen to anything Defendant or his counsel had to say regarding sentencing and "deal with those other issues separately." When Defendant was ultimately sentenced to prison after his conviction for sexual abuse of a child, the trial judge followed the recommendation in the presentence investigation.

¶ 16 Defendant also argues exceptional circumstances in that trial counsel was ineffective because counsel did not attempt to have the trial judge removed. Since we have concluded that there was no actual bias in the trial judge's actions, we cannot say that trial counsel's failure to attempt to disqualify the judge constitutes performance "below an objective standard of reasonable professional judgment." *Bundy v. Deland*, 763 P.2d 803, 805 (Utah 1988).

## II. Sufficiency of the Evidence

¶ 17 "[A]s a general rule, a defendant must raise the sufficiency of the evidence by proper motion or objection to preserve the issue for appeal." *Holgate*, 10 P.3d 346, 2000 UT 74 at ¶ 16. Defendant did not, either at the close of the State's case, or after the jury verdict, make any objection to the sufficiency of the evidence; thus, the issue is not properly preserved for our review.

¶ 18 Defendant argues, in the alternative, that the insufficiency of the evidence was plain error. "[T]o establish plain error, a defendant must demonstrate first that the evidence was insufficient to support a conviction of the crime charged and second that the insufficiency was so obvious and fundamental that the trial court erred in submitting the case to the jury." *Id.* at ¶ 17. In determining whether the evidence was insufficient, we do not "examine whether we believe that the evidence at trial established guilt beyond a reasonable doubt." *Id.* at ¶ 18. Instead, we

was partial or incompetent.").

view the evidence in the light most favorable to the jury's verdict, then determine if the evidence is " 'sufficiently inconclusive or inherently improbable such that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime for which he ... was convicted.' " *Id.* (citation omitted).

¶ 19 Section 76–5–404.1(1) provides that a person has committed sexual abuse of a child when the person

> touches the anus, buttocks, or genitalia of any child, the breast of a female child younger than 14 years of age, or otherwise takes indecent liberties with a child, or causes a child to take indecent liberties with the actor or another with intent to ... arouse or gratify the sexual desire of any person regardless of the sex of any participant.

*Id.* Mr. Nielson's testimony alone provides evidence of all the requisite elements of the crime. Mr. Nielson testified that he walked in on Defendant and the victim in a darkened bathroom and observed Defendant laying on top of the victim. Mr. Nielson further testified that Defendant's pants were down to "the bottom margin of his buttocks," that the victim's panties were down near her knees, and that the victim's legs were spread apart and Defendant's knee was between her legs. Defendant argues, however, that this evidence is insufficient because there is no evidence that he actually touched the victim's genitals.

¶ 20 The State's theory, however, was that Defendant's acts constituted an indecent liberty. Although the statute is not specific as to what acts comprise an indecent liberty, our supreme court, in *State v. A.T.*, 2001 UT 82, 431 Utah Adv. Rep. 13, 34 P.3d 228, clarified the doctrine of *ejusdem generis* "in instances where an inexhaustive enumeration of particular or specific terms is followed by a general term or terms that suggest a class." *Id.* at ¶ 12. The court instructed that "to give meaning to the general term, the general term is understood as restricted to include things of the same kind, class, character, or nature as those specifically enumerated." *Id.* Although Defendant may not have touched the "anus, buttocks ... genitalia ..., [or] the breast" of the victim, Defendant's acts are clearly of the same kind,

class, character, or nature, as those specified. Utah Code Ann. § 76–5–404.1(1). In fact, the circumstances of this case seem to be precisely what the legislature had in mind when it included "indecent liberties" as an act constituting sexual abuse of a child. We can think of no conceivable explanation for the circumstances in which Mr. Nielson observed Defendant and the victim other than to "arouse or gratify the sexual desire of any person." *Id.* Thus, there was sufficient evidence to support Defendant's conviction and it was not plain error for the trial judge to submit the case to the jury.

### III. Jury Instruction

¶ 21 Defendant's next argument is that the trial court erred when it instructed the jury that before considering the lesser offense of lewdness involving a child, the jury must first find Defendant not guilty of the greater offense of sexual abuse of a child. Defendant concedes that trial counsel did not object to the instruction, and therefore, did not preserve this issue for review. Defendant argues, however, that we may review the issue as plain error. Given that trial counsel stipulated to this instruction, Defendant is precluded from arguing on appeal that it was plain error for the trial court to give it. *See State v. Litherland,* 2000 UT 76,¶ 31, 12 P.3d 92. Thus, for Defendant to obtain review of this issue, he must show that his trial counsel was ineffective in stipulating to the instruction. Defendant must therefore establish that trial counsel's stipulation "fell below an objective standard of reasonable professional judgment" and that this "deficient performance was prejudicial." *Id.* at ¶ 19.

¶ 22 The instruction that counsel stipulated to involved the lesser included offense of lewdness involving a child. *See* Utah Code Ann. § 76–9–702.5 (1999). The relevant part of that statute provides: "(1) A person is guilty of lewdness involving a child if the person under circumstances *not amounting to* ... sexual abuse of a child [engages in certain acts]...." *Id.* (emphasis added). Since sexual abuse of a child was the primary charged offense, before considering Defendant's acts under section 76–9–

702.5, the jury would first have to determine that those acts did not fall within section 76–5–404.1. Consequently, under the statutory scheme, the only way the jury could get to the lesser included offense would be to first determine that Defendant's acts did not amount to sexual abuse of a child. We cannot, therefore, conclude that trial counsel's stipulation to the pertinent instructions fell below an "objective standard of reasonable professional judgment." *Litherland,* 12 P.3d 92, 2000 UT 76 at ¶ 19.

## IV. Victim's Statements

■ ¶ 23 Defendant's final argument is that the trial court erred in admitting out-of-court statements the victim made to Detective Hudson during his interviews with her. The trial court admitted the statements as an excited utterance under Rule 803(2) of the Utah Rules of Evidence. It is a well-established rule that we may affirm a judgment of the trial court on grounds other than those used as the basis for its decision. *See State v. South,* 924 P.2d 354, 356 (Utah 1996). We conclude that the statement is non-hearsay and, as such, is admissible as a prior inconsistent statement.

■ ¶ 24 Rule 801(d) of the Utah Rules of Evidence provides, in part: "A statement is not hearsay if: (1) ... The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is (A) inconsistent with the declarant's testimony or the witness denies having made the statement or has forgotten...." *Id.* In admitting a prior inconsistent statement, the court need only assure that "the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require." Utah R. Evid. 613(b).

¶ 25 In this case, the victim had already testified when Detective Hudson testified as to the victim's out-of-court statements. During her testimony, the victim testified that she had not been in the bathroom at the trailer park and that she did not remember telling Detective Hudson she had been in the bathroom with Defendant or about any of the events that occurred there. However, during her initial interview with Detective Hud-

son on the night of the incident, the victim told Detective Hudson she had been in the bathroom with Defendant, that her panties were down, that Defendant's pants were down, and that Defendant was laying on top of her.

¶ 26 The victim's out-of-court statements were offered to impeach her trial testimony. The prosecutor indicated during his direct examination of the victim that, "I have the right to impeach my witness with regard to this." The prosecutor then attempted to refresh the victim's memory as to her original statements and give her a chance to explain them in compliance with Rule 613(b). We conclude, therefore, that the victim's out-of-court statements were properly admitted as prior inconsistent statements.

## CONCLUSION

¶ 27 Defendant has failed to convince us that the trial judge exhibited bias against Defendant such that he should have recused himself or been disqualified. Further, we conclude that there was sufficient evidence as to the elements of the offense that the jury could reasonably have found Defendant guilty. We also conclude that trial counsel was not ineffective in stipulating to the jury instruction on the lesser included offense of lewdness involving a child. Finally, we affirm the trial court's ruling, albeit on different grounds, that the out-of-court statements of the victim were admissible.

¶ 28 Accordingly, we affirm Defendant's conviction for sexual abuse of a child.

¶ 29 WE CONCUR: JUDITH M. BILLINGS, Judge, and JAMES Z. DAVIS, Judge.