**2016 UT App 219**

## THE UTAH COURT OF APPEALS

SALT LAKE CITY,
Appellee,
*v.*
JOSEPH HOWE,
Appellant.

Memorandum Decision
No. 20141013-CA
Filed November 3, 2016

Third District Court, Salt Lake Department
The Honorable Deno G. Himonas
No. 131911063

Amy N. Fowler, Attorney for Appellant

Simarjit S. Gill, Padma Veeru-Collings, and Richard
Jorgensen, Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and JILL M.
POHLMAN concurred.

MORTENSEN, Judge:

¶1     As a dozen children enjoyed a mid-September day at a playground under the watchful eyes of their parents, Joseph Howe sat beneath a nearby tree and masturbated under a coat for ten to twenty minutes. Howe was convicted by a jury of lewdness involving a child, a class A misdemeanor. Howe appeals, arguing that the trial court erred when it denied his motion for a directed verdict. We affirm.

¶2     On an appeal from the denial of a motion for a directed verdict based on the sufficiency of the evidence, we view the evidence in the light most favorable to the City. *See State v. McCallie*, 2016 UT App 4, ¶ 39, 369 P.3d 103. In September 2014,

Howe sat next to a tree in a park with his jacket placed over him covering his chest, waist, and legs. Howe sat ten to fifteen feet away from a children's playground where roughly a dozen two- to thirteen-year-olds played. Three adults saw Howe moving under his jacket and characterized his actions as masturbation. None of the witnesses could see Howe's genitals, hands, or legs. One of the witnesses called the police and Howe was eventually charged with lewdness involving a child. At trial, each witness gave similar testimony.

¶3      The first witness stood twenty-five feet away from Howe at the park. The witness thought the way Howe's jacket was draped over him was "a little bit odd." Howe moved his arms in a way that led the witness to believe that "he might be touching himself." The first witness described Howe's movements:

> Well, his arms were underneath the drape, what was draped over him and the way he was moving his arms it just appeared to me that he was, you know, touching himself in that manner which was concerning, so just movement, activity.

The first witness also testified that the park was busy that day, but that Howe "was just fixated, looking at the children playing in the play area." The first witness observed Howe's movements continue for about fifteen minutes.

¶4      The second witness stood twenty to thirty feet away from Howe and saw "motion in [Howe's] lap area." The second witness testified:

> [T]o me it looked like he was facing the children with something of a fixated expression on his face and it looked to me as if he was masturbating underneath some kind of cover because his hands were invisible and there was a bit of a gyrating motion that I witnessed.

Although the second witness could not see under the jacket, she "saw movement like, as if a hand was moving underneath the cover. . . . It was pretty obvious." Of Howe's expression, the witness stated, "[T]he look on [Howe's] face to me seemed uncharacteristic to the day's activities. It looked as if he was staring in the children's direction and it was unnerving." The second witness observed Howe's activity continue for ten to twenty minutes.

¶5 The third witness similarly testified:

> I saw [Howe] sitting next to a tree right in front of the playground area and he had like a jacket over his waist area and it looked like he was masturbating. . . . [b]ecause there was pretty vigorous movement underneath the jacket . . . . It wasn't the whole body moving . . . it appeared to be just the arm moving underneath the jacket in the crotch area.

The third witness continued, "[Howe] was facing the playground looking at the playground area, [and] appeared to be looking at the children." The third witness was at the park for only a few minutes before the police arrived.

¶6 One of the officers who responded at the park recounted at trial his interaction with Howe. The officer informed Howe that people at the park called the police because they believed he was masturbating. Howe responded that he is "a very religious person and that he would never do something like that," and that he "could have been scratching himself." Howe was charged with lewdness involving a child.

¶7 The statute under which Howe was charged reads as follows:

> (1) A person is guilty of lewdness involving a child if the person . . . intentionally or knowingly does

> any of the following to, or in the presence of, a child who is under 14 years of age:
>
> . . .
>
> (c) masturbates[.]

Utah Code Ann. § 76-9-702.5(1) (LexisNexis Supp. 2016). After the City rested its case, Howe made a motion for a directed verdict "upon the ground that the evidence [was] not legally sufficient to establish the offense charged." *See* Utah R. Crim. P. 17(p). The court denied the motion. Ultimately, the jury found Howe guilty of lewdness involving a child.[1]

¶8 In seeking reversal, Howe makes three arguments that align with the elements of the crime: (1) that a reasonable jury

---

1. The parties agree that we should only review the evidence up to the time that the trial court denied the directed verdict motion. *See State v. Kihlstrom*, 1999 UT App 289, ¶ 9, 988 P.2d 949 (noting that when reviewing a denied motion to dismiss for insufficient evidence, "this court's review . . . is limited to the evidence adduced by the prosecution in its case-in-chief"). *But see State v. McCallie*, 2016 UT App 4, ¶¶ 42, 44, 369 P.3d 103 (suggesting that the Utah Supreme Court adopted the "waiver rule some years ago" in *State v. Stockton*, 310 P.2d 398 (Utah 1957)). Under the waiver rule, "'if the defendant elects to introduce evidence following the denial of a motion for a judgment of acquittal, appellate review of the defendant's conviction encompasses all of the evidence presented to the jury, irrespective of the sufficiency of the evidence presented during the state's case-in-chief.'" *Id.* ¶ 42 (quoting *State v. Perkins*, 856 A.2d 917, 929 n.16 (Conn. 2004)). In this case, the evidence produced after the motion for a directed verdict neither substantially undercut the City's case-in-chief, nor provided inculpatory evidence that aided the City. Therefore this distinction is immaterial.

could not infer from the evidence that Howe actually masturbated; (2) that a reasonable jury could not infer that Howe acted knowingly or intentionally; and (3) that a jury could not find that Howe was in the presence of children.[2]

¶9     We must now determine whether the evidence presented in the City's case, in light of the elements of the offense, was sufficient to support a guilty verdict. "On appeal from a denial of a motion for a directed verdict based on the sufficiency of the evidence, the applicable standard of review is . . . highly deferential." *State v. McCallie*, 2016 UT App 4, ¶ 39, 369 P.3d 103 (omission in original) (alteration, citation, and internal quotation marks omitted). "We will uphold the trial court's decision if, upon reviewing the evidence and all inferences that can be reasonably drawn from it, we conclude that some evidence exists from which a reasonable jury could find that the elements of the crime had been proven beyond a reasonable doubt." *State v. Dibello*, 780 P.2d 1221, 1225 (Utah 1989). We hold that the evidence was sufficient to support a guilty verdict.

¶10     First, we hold that there was sufficient evidence that a jury could find beyond a reasonable doubt that Howe was masturbating. This issue turns on whether a jury could, based on the evidence, make an inference to support a guilty verdict, or whether the guilty verdict rests upon mere speculation.

¶11     "While the jury may draw reasonable inferences from direct or circumstantial evidence, an inference must be more than speculation and conjecture to be reasonable." *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995). An inference is defined as

---

2. The City claims that Howe's nonspecific motion for a directed verdict was insufficiently particular to preserve his arguments on appeal. Given our resolution of the appeal on its merits, we need not decide this issue.

a logical and reasonable conclusion of the existence of a fact in a case, not presented by direct evidence as to the existence of the fact itself, but inferred from the establishment of other facts from which by a process of logic and reason, based upon common experience, the existence of the assumed fact may be concluded by the trier of fact.

*State v. Brooks*, 631 P.2d 878, 881–82 (Utah 1981), *overruled on other grounds by State v. Menzies*, 889 P.2d 393 (Utah 1994). "Speculation is 'mere guesswork or surmise,' a 'conjecture,' or a 'guess.'" *State v. Griffin*, 2015 UT 18, ¶ 19 (quoting Webster's Third New Int'l Dictionary 2189 (2002)); *see also Speculation*, Black's Law Dictionary 1435 (8th ed. 2004) ("The act or practice of theorizing about matters over which there is no certain knowledge.").

[T]he distinction between reasonable inference and speculation is intensely fact-based. When evidence supports only one possible conclusion, the quality of the inference rests on the reasonable probability that the conclusion flows from the proven facts. When the evidence supports more than one possible conclusion, none more likely than the other, the choice of one possibility over another can be no more than speculation; while a reasonable inference arises when the facts can reasonably be interpreted to support a conclusion that one possibility is more probable than another.

*State v. Cristobal*, 2010 UT App 228, ¶ 16, 238 P.3d 1096 (citation and internal quotation marks omitted). "'A guilty verdict is not legally valid if it is based solely on inferences that give rise to only remote or speculative possibilities of guilt.'" *Id.* ¶ 7 (quoting *State v. Workman*, 852 P.2d 981, 985 (Utah 1993)).

¶12　Here, the jury made a reasonable inference to reach its guilty verdict. The City concedes that none of the witnesses saw

Howe's hands on his genitals. Therefore, at least some inference was necessary to reach a guilty verdict. The duration and manner of Howe's actions, as described by the three witnesses, more than adequately support an inference that Howe was masturbating. *See id.* ¶ 16. Three adult witnesses testified that they saw Howe engaged in behavior that they characterized as masturbation. The witnesses testified that Howe was making "vigorous," "gyrating" movements with his arm "underneath the jacket in the crotch area." This activity lasted for ten to twenty minutes while Howe was staring at children. Howe's actions were characteristic of masturbation. *See In re A.T.*, 2001 UT 82, ¶¶ 10–11, 34 P.3d 228 (concluding that clutching clothed genitals and rubbing them up and down in a sexually suggestive manner conveyed the appearance of masturbation). Using "logic and reason, based upon common experience," *see Brooks*, 631 P.2d at 881–82, the conclusion that Howe was masturbating follows "from the proven facts," *see Cristobal*, 2010 UT App 228, ¶ 16 (citation and internal quotation marks omitted). Indeed, the second witness characterized the motions she saw as "pretty obvious." Thus, "some evidence exists from which a reasonable jury could find" that Howe was masturbating. *See Dibello*, 780 P.2d at 1225.

¶13 Howe next argues that there was insufficient evidence to show that he acted "intentionally or knowingly." *See* Utah Code Ann. § 76-9-702.5 (LexisNexis Supp. 2016). This argument fails. "Knowledge or intent is a state of mind generally to be inferred from the person's conduct viewed in light of all the accompanying circumstances." *State v. Kihlstrom*, 1999 UT App 289, ¶ 10, 988 P.2d 949. Three adults observed Howe engage in what they described as masturbation. The first witness testified that it "appeared to [him] that [Howe] was . . . touching himself . . . just movement, activity" that lasted about fifteen minutes. The second witness saw Howe's arms moving over his lap, making a "gyrating motion," accompanied by an "unnerving" facial expression, lasting ten to twenty minutes, and characterized what she saw as "pretty obvious." The third

witness saw "pretty vigorous movement underneath the jacket" "in the crotch area." Given the testimony about the duration and vigorous nature of his movements, the jury could infer that Howe's actions were knowing and intentional. Therefore, such evidence was sufficient to support a finding that Howe acted knowingly or intentionally.

¶14    Finally, Howe argues that he was not in the presence of children. Howe concedes that children under age fourteen were at the playground. But Howe argues that the statute "is lacking clarity" because it does not define "in the presence of a child." Howe argues that we should settle the supposed ambiguity by using the title of the statute, "Lewdness *involving* a child," *see* Utah Code Ann. § 76-9-702.5 (emphasis added), to define "presence" and conclude that a child must somehow be involved in the lewd act beyond his or her mere proximity to the lewd behavior. This argument lacks merit. "When interpreting statutory language, we first examine the statute's plain language and resort to other methods of statutory interpretation only if the language is ambiguous." *State v. Masciantonio*, 850 P.2d 492, 493 (Utah Ct. App. 1993). "The title of a statute is not part of the text of a statute, and absent ambiguity, it is generally not used to determine a statute's intent." *Blaisdell v. Dentrix Dental Sys., Inc.*, 2012 UT 37, ¶ 10, 284 P.3d 616 (citation and internal quotation marks omitted).

¶15    The statute is unambiguous. A person is guilty of lewdness involving a child if the person does any of the prohibited acts "to, *or in the presence of,*" a child. Utah Code Ann. § 76-9-702.5(1) (emphasis added). True enough, the term "presence" is not defined in the statute. But a statute is not ambiguous simply because it lacks a definition for a word, as Howe suggests. A statutory term is ambiguous when "its terms remain susceptible to two or more reasonable interpretations after we have conducted a plain language analysis." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 15, 267 P.3d 863. A plain language analysis of this statute reveals no ambiguity.

"Presence" is defined as "the fact or condition of being present," "the state of being in one place and not elsewhere," "the state of being in front of or in the same place as someone or something." *Presence*, Webster's Third New Int'l Dictionary 1793 (1971). Applying this definition to the statute yields only one reasonable interpretation—that a child need only be in the same place as a person committing a lewd act. Because the statute's use of the word "presence" is unambiguous, we need not look to the statute's title to resolve ambiguity. Therefore, Howe's argument fails.

¶16 Further, adopting Howe's interpretation—that the statute requires a child to be involved in the lewd act—would contradict the ordinary meaning of the statutory language, a result we typically avoid. *See Turner v. Staker & Parson Cos.*, 2012 UT 30, ¶ 12, 284 P.3d 600 (explaining that "we give effect to every word of a statute" wherever possible); s*ee also Funk v. Utah State Tax Comm'n*, 839 P.2d 818, 820 (Utah 1992) (declining to interpret a statute in accordance with its title where the title "is clearly narrower than the plain language of the statute"). The statute only requires that a child be present. *Cf. Roosevelt City v. Anderson*, 2008 UT App 464U, para. 6 (explaining that it "should seem obvious that exposing one's genitals . . . would likely cause affront or alarm when done a few feet from . . . children"). To interpret the statute as requiring a child's involvement would distort the plain meaning of "presence." All of the evidence at trial supports that children under the age of fourteen were present—ten to fifteen feet away—at the time of the lewd behavior, and the fact that children were near Howe was neither contested at trial nor on appeal. Therefore, we reject Howe's argument that a jury could not reasonably conclude from the evidence that he was in the presence of children.

¶17 In sum, we affirm the denial of Howe's motion for a directed verdict. The evidence presented at trial was sufficient for a jury to conclude, beyond a reasonable doubt, that Howe was masturbating. Further, it can be inferred from Howe's

actions that his activity was intentional or knowing. Finally, for the crime charged a child need only be present during a lewd act; no more active involvement is necessary. Here, children were physically present. Making all reasonable inferences in favor of the City, evidence existed from which a reasonable jury could find that the elements of the crime were proven beyond a reasonable doubt. The trial court therefore correctly denied the directed verdict motion.

¶18    Affirmed.

————————