**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert L. BENNETT,
Defendant-Appellant.**

**Cal. No. 1151, Docket 82–1280.**

United States Court of Appeals,
Second Circuit.

Submitted Dec. 28, 1983.

Decided March 12, 1984.

**924**

Robert B. Shaad, Watertown, N.Y., for defendant-appellant.

Paula Ryan Conan, Asst. U.S. Atty., N.D.N.Y., Syracuse, N.Y. (Frederick J. Scullin, U.S. Atty., N.D.N.Y., Syracuse, N.Y., of counsel), for plaintiff-appellee.

Before OAKES, VAN GRAAFEILAND and MESKILL, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

On June 16, 1981, Richard Kelly, a Special Agent of the Bureau of Alcohol, Tobacco, and Firearms, applied to a United States Magistrate in the Northern District of New York for a warrant to search appellant's residence for six unlawfully possessed firearms. Because Kelly was relying upon information received from an informant, he bolstered his affidavit by attaching photographs of a sawed-off shotgun which the informant had taken in appellant's bedroom. When the affidavit is viewed in the light of the "totality of circumstances" test subsequently enunciated in *Illinois v. Gates*, — U.S. —, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), it appears to have made a sufficient showing of probable cause without reference to the photographs. *See United States v. Lace*, 669 F.2d 46, 49 (2d Cir.), *cert. denied*, 459 U.S. 854, 103 S.Ct. 121, 74 L.Ed.2d 106 (1982). However, Chief Judge Munson, in a decision which also preceded *Illinois v. Gates*, concluded that the photographs were an essential part of the warrant application. The constitutionality of their taking therefore was a major issue on the appeal to this Court from appellant's conviction for the knowing possession of an unregistered firearm. *See United States v. Bennett*, 709 F.2d 803 (2d Cir.1983).

As pointed out in our prior opinion, the district court refused to suppress evidence uncovered with the aid of the photographs because, even though the informant may have entered the bedroom without consent, no Government official knew or should have known it. We remanded the matter to the district court to make specific findings as to whether the informant entered the bedroom without appellant's consent and, if so, whether he was acting at that time as a Government agent. Pursuant to our instructions, the district court has supplemented the record by finding: (1) the entry was without consent; (2) it was made in direct contravention of instructions given the informant by BATF agents and without any knowledge on their part that the entry was in fact illegal; and (3) the informant was not acting as an instrument of the Government when the photographs were taken. These findings all have support in the record.

■ Having already written with regard to the legal issue involved, there is little more we need to say. The issue, simply put, is whether the taking of the photographs was the act of a private party, *see Walter v. United States*, 447 U.S. 649, 656, 100 S.Ct. 2395, 2401, 65 L.Ed.2d 410 (1980), or a person acting as an instrument or agent of the Government, *Coolidge v. New Hampshire*, 403 U.S. 443, 487, 91 S.Ct. 2022, 2048, 29 L.Ed.2d 564 (1971). If the Government had no part in wrongfully obtaining the photographs, there is no reason why it couldn't use them. *Burdeau v. McDowell*, 256 U.S. 465, 476, 41 S.Ct. 574, 576, 65 L.Ed. 1048 (1921); *see United States v. Keuylian*, 602 F.2d 1033, 1040 (2d Cir.1979).

■ It is common knowledge that law enforcement agencies must of necessity

rely heavily upon the use of informants. *See United States v. Russell*, 411 U.S. 423, 432, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973); Park, *The Entrapment Controversy*, 60 Minn.L.Rev. 163, 231 (1976). It is also well established that unlawful acts performed by informants at the instance of Government officials may, for Fourth Amendment purposes, be treated as acts of the Government itself. *See, e.g., United States v. Walther*, 652 F.2d 788, 791–93 (9th Cir.1981). The Fourth Amendment precludes a law enforcement officer from having an informant do for him what he himself cannot do. However, that is not what occurred in this case.

■ We need not decide now whether Government officials can disclaim responsibility for the acts of an informant by deliberately turning their backs on conduct they reasonably could anticipate. Here, the district court found that BATF agents had given the informant specific instructions against the illegal search, and the informant committed the illegal act "in direct contravention of his instructions." The district court did not err therefore in refusing to suppress the products of the search.

Since we already have rejected appellant's other claims of error, the judgment of conviction is affirmed.