STATE of Utah, Plaintiff and Appellee,

v.

Ronald KOURY, Defendant and Appellant.

No. 900456–CA.

Court of Appeals of Utah.

Dec. 27, 1991.

Wayne B. Watson (argued), Dana D. Burrows, Watson, Scribner & Burrows, Provo, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Charlene Barlow (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BENCH, GREENWOOD and JACKSON, JJ.

## OPINION

GREENWOOD, Judge:

This is an interlocutory appeal by defendant Ronald Koury from an order denying his motion to suppress evidence. Defendant is charged with possession of a controlled substance, cocaine, a third degree felony, in violation of Utah Code Ann. § 58–37–8(2)(a)(i) (Supp.1990), and unlawful possession of drug paraphernalia, a class B misdemeanor, in violation of Utah Code Ann. § 58–37a–5(1) (1990). We affirm.

## BACKGROUND

Defendant and Joseph Horvath were friends for thirty years and business partners for three years. Defendant gave Horvath a key to his house and asked him to check on his house and feed his pets whenever defendant was out of town. Horvath did so once or twice each month for one year.

During their relationship, defendant and Horvath had a number of arguments which sometimes led to threats by defendant against Horvath and his family. Defendant also threatened to implicate Horvath in illegal activities because of their disagreements. Horvath expressed his concern over this to his friend, police officer Dennis Cordner. Horvath told Officer Cordner that defendant might be distributing cocaine. Horvath often conveyed information about defendant, including his whereabouts, to Officer Cordner and Detective Gary Caldwell. Both officers accepted Horvath's information but neither of them directed Horvath to supply the information or to take any action.

In April and May of 1989, Horvath entered defendant's house to care for defendant's pets. One time Horvath took his friend, Ken Tanner, with him. While in the house, Horvath saw what appeared to be cocaine residue on one of the dressers. Horvath gathered some of it, put it in a film canister and gave it to Detective Caldwell. Detective Caldwell began an investigation of defendant. He checked for a criminal history and began surveillance on defendant's house. Horvath did not know of the investigation. The officers testified that they did not trust Horvath and therefore did not inform him about or involve him in the investigation.

Detective Caldwell learned through his investigation that defendant associated with individuals known by officers to be involved with illegal drugs. Detective Caldwell obtained an order to install a pen register on defendant's telephone and discovered that defendant used the telephone to contact individuals whom the officers believed to be dealing drugs. On May 8, 1989, Detective Caldwell prepared an affidavit based on the information Horvath had provided and his own investigation and obtained a search warrant for defendant's house and car. As a result of the search, Detective Caldwell seized straws, a set of scales and weights and other paraphernalia, as well as items with what appeared to be cocaine residue on them.

Defendant was arrested and charged with possession of cocaine, a third degree felony, in violation of Utah Code Ann. § 58–37–8(2)(a)(i) (Supp.1990), and possession of drug paraphernalia, a class B misdemeanor, in violation of Utah Code Ann. § 58–37a–5(1) (1990). Defendant filed a motion in the trial court to suppress the evidence obtained in the search of his home claiming that the affidavit supporting the search warrant failed to establish Horvath's reliability and that the officers deliberately misrepresented material facts in the affidavit. The trial court denied the motion.

Defendant then filed a second motion to suppress arguing that Horvath acted as an agent of the police and his entries into defendant's home therefore constituted warrantless searches which violated defendant's rights under the federal and Utah constitutions. The evidence defendant sought to suppress was that seized pursuant to the warrant, not the alleged cocaine residue taken earlier by Horvath. After a hearing, the trial court concluded: (1) that there was no intrusive conduct because Horvath had a right to be in defendant's house and was there at defendant's request; (2) that although Horvath's motive was to have defendant arrested, that alone did not make him an agent of the police; and (3) that defendant had not met his burden of proving Horvath was an agent as required by *State v. Watts*, 750 P.2d 1219 (Utah 1988). The motion to suppress was denied. Defendant petitioned this court for an interlocutory appeal to review the trial court's denial of his second motion to suppress.

## ISSUE PRESENTED

On appeal, defendant argues that the trial court erred in denying his second mo-

tion to suppress. He argues that the search of his home and seizure of evidence by the officers violated the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Utah Constitution.[1] He contends that the search warrant was based on information received from Horvath, who was acting as a government agent, and had therefore illegally entered and searched defendant's house. Defendant claims that because the warrant was based on illegal acts, evidence seized as a result should be suppressed.

## STANDARD OF REVIEW

Defendant attacks the court's conclusions of law that Horvath's presence in defendant's home was not intrusive and that he was not a police agent. We review those conclusions "as a matter of law, under a correction of error standard, affording no deference to the trial court." *State v. Taylor*, 818 P.2d 561, 565 (Utah App. 1991).

## ANALYSIS

■ The State claims that defendant's appeal has no merit because he did not challenge the search warrant's validity. This claim is first made on appeal, and was not raised before the trial court. We find, however, that even if he failed to directly challenge the warrant, defendant does argue that the evidence should be suppressed because the probable cause statement in Detective Caldwell's search warrant affidavit was based on Horvath's illegal search. *See State v. Watts*, 750 P.2d 1219, 1220 (Utah 1988) (motion to suppress because of alleged prior unlawful search by police agent). Therefore, we will proceed to analyze defendant's claim.

■ "The fourth amendment guarantee against unreasonable searches and seizures protects only against governmental actions and does not extend to the independent acts of private citizens." *Id.* Similarly, Article I, Section 14 of the Utah Constitution protects against unreasonable

searches and seizures by the government but not private individuals. *Id.* at 1221. The exclusionary rule, therefore, does not apply "to evidence obtained from private citizens acting on their own initiative: '[A] wrongful search or seizure conducted by a private party does not ... deprive the government of the right to use evidence that it has acquired lawfully.' " *Id.* at 1220 (quoting *Walter v. United States*, 447 U.S. 649, 656, 100 S.Ct. 2395, 2401, 65 L.Ed.2d 410 (1980)); *State v. Newbold*, 581 P.2d 991, 992 (Utah 1972).

■ Where a private individual acts as an agent of the government in conducting a search and/or seizure, however, the search is not considered a private search. Rather, it is a governmental search and must comply with the Fourth Amendment, *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984), and Article I, Section 14 of the Utah Constitution. *Watts*, 750 P.2d at 1221. The government cannot have "informants do for them what they cannot legally do themselves." *Watts*, 750 P.2d at 1221.

■ The party objecting to the evidence has the burden of establishing the agency relationship. *Id.*

■ *Watts* provides the framework for analyzing whether an informant who conducts a search acts as a private individual or as a government agent. First, the court must determine whether the government knew of or acquiesced to the search. *Id.* Second, the court must consider the person's intent and purpose in conducting the search and decide whether the person was acting in the person's own interest or to further law enforcement. *Id.* at 1221–22. As part of the inquiry in *Watts*, the supreme court considered factors such as whether there was an ongoing relationship between the informant and the police, whether the informant was rewarded for his efforts, and whether the police gave the informant any direction or guidance. *Id.* at 1222–23.

---

1. Because defendant argues that the protections of the Fourth Amendment and Article 1, Section 14 of the Utah Constitution are identical, we address only the federal constitution.

In this case, the trial court found that Horvath had access to defendant's house and that he entered it periodically. The trial court also found that the officers knew of Horvath's entries but did not instruct him to do anything on their behalf. The trial court concluded that there was no intrusive conduct because Horvath had permission to be in defendant's home and was there at defendant's request.[2] It is not illegal for a private individual, even if acting as a government agent, to enter another's home if he or she does so with the owner's permission. *See United States v. Bennett,* 709 F.2d 803, 806 (1983) *aff'd,* 729 F.2d 923 (2d Cir.) *cert. denied,* 469 U.S. 1075, 105 S.Ct. 572, 83 L.Ed.2d 512 (1984). It is not necessary for us to decide if Horvath was an agent if his entry into defendant's home was permissive. *Id.* We find no error in the court's conclusion that Horvath's entry into defendant's house was not intrusive and therefore, lawful. Accordingly, it was proper for him to report what he observed in defendant's house.

## CONCLUSION

The trial court's conclusion that the evidence was legally seized is proper. There was therefore no error by the trial court in denying defendant's motion to suppress. We affirm.

JACKSON, J., concurs.

BENCH, J., concurs in the result.

**2.** The trial court also concluded that Horvath's motive was to have defendant arrested. Such a motive is not sufficient to make him an agent of the police under the *Watts* test. Where the government has offered an informant no form of compensation for his or her efforts, "personal motives in fact are likely to be mixed with the desire to help the authorities." *United States v. Bazan,* 807 F.2d 1200, 1204 (5th Cir.1986) *cert.*

*denied,* 481 U.S. 1038, 107 S.Ct. 1976, 95 L.Ed.2d 816 (1987). In *Watts,* defendant was found to have acted out of his own interests and was "not substantially motivated by the prompting and encouragement of the [police]." 750 P.2d at 1223. Horvath's desire to have defendant arrested appears to have been substantially driven by self-interest to protect himself and his family.