**UNITED STATES of America,
Appellee,**

v.

**Stanley L. ABNEY, Defendant–
Appellant.**

**Docket No. 03–1645.**

United States Court of Appeals,
Second Circuit.

Sept. 21, 2004.

Samidh Guha, Assistant United States Attorney, for David N. Kelley, United States Attorney, Southern District of New York (Laura Grossfield Birger, Assistant United States Attorney, on the brief), for Appellee.

Colleen P. Cassidy, Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

PRESENT: CALABRESI, SACK, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Appellant was charged with possessing and uttering counterfeit United States currency in violation of 18 U.S.C. § 472. He was convicted after a bench trial on stipulated facts. Following his indictment, and prior to his bench trial, Appellant claimed that evidence against him had been obtained in violation of the Fourth Amendment and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The district court's denial of that motion to suppress is appealed. We review the district court's findings of fact for clear error and its conclusions of law *de novo.*

It is clear that neither the Fourth Amendment nor *Miranda* is violated when a party acts in a purely individual capacity. *See United States v. Bennett*, 729 F.2d 923, 924–25 (2d Cir.1984) (Fourth Amendment); *United States v. Solomon*, 509 F.2d 863, 868 (2d Cir.1975) (*Miranda*). It is certainly possible for a police officer, while acting in an off-duty capacity, to invoke state authority so that the strictures of the Fourth and Fifth Amendments apply to his or her conduct. *Cf. Barna v. City of Perth Amboy*, 42 F.3d 809, 816–17 (3d Cir.1994). But on the facts of this case, as found by the District Court, that did not occur.

We have considered all of Appellant's arguments in this case and find them without merit. Accordingly, we AFFIRM the judgment of the District Court.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, No. 04–104, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838, 2004 WL 1713654 (Aug. 2, 2004), and *United States v. Fanfan*, No. 04–105, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838, 2004 WL 1713655 (Aug. 2, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address the Appellant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.