2013 UT App 155

# THE UTAH COURT OF APPEALS

OREM CITY,
Plaintiff and Appellee,
*v.*
ELBA VIRGINIA SANTOS,
Defendant and Appellant.

Memorandum Decision
No. 20120316-CA
Filed June 20, 2013

Fourth District, Spanish Fork Department
The Honorable Donald J. Eyre Jr.
No. 101201159

Kelly Ann Booth, Attorney for Appellant
Robert J. Church, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES WILLIAM A. THORNE JR. and
STEPHEN L. ROTH concurred.

CHRISTIANSEN, Judge:

¶1     Defendant Elba Virginia Santos appeals her conviction for
retail theft, a class B misdemeanor. *See* Utah Code Ann. § 76-6-
602(1) (LexisNexis 2012). Santos argues that the trial court erred in
not suppressing her written and verbal statements, which were
obtained by Costco employees during a shoplifting investigation.
We affirm.

¶2     On July 16, 2010, Santos was shopping with several other
individuals at the Costco located in Orem, Utah. Three Costco
employees observed certain behavior that led them to believe that
Santos was attempting to commit retail theft. Among other things,
the Costco employees observed Santos taking several items from

her shopping cart and placing them behind a diaper bag that was located in a storage compartment underneath a baby stroller.

¶3 After observing this behavior, the Costco employees approached Santos and escorted her to the main office of the store. While in the main office, the employees asked Santos whether she had merchandise in her possession for which she had not yet paid and, if so, what she intended to do with that merchandise. The employees also searched Santos's purse and stroller. The employees then requested Santos's identification and informed the Orem City Police Department (the OCPD) of her detention. Upon the arrival of a police officer at the Costco store, the employees surrendered Santos to the officer's custody.

¶4 Santos was subsequently charged with retail theft. Santos later filed a motion to suppress the statements she made to the Costco employees. Santos argued that the Costco employees acted as agents of the government in conducting a search when they detained her in Costco's main office and subjected her to an interrogation, thereby violating her Fourth Amendment rights. The trial court denied Santos's suppression motion, and the case was thereafter tried to a jury. The jury found Santos guilty, and she appeals her conviction.

¶5 Santos does not challenge the trial court's factual findings, but instead challenges the trial court's legal conclusions supporting its denial of her suppression motion.[1] We therefore accept the trial court's findings of fact and review the court's denial of Santos's motion to suppress for correctness. *See State v. Tripp*, 2010 UT 9, ¶ 23, 227 P.3d 1251 ("A trial court's ruling on a motion to suppress

---

1. Although Santos seems to challenge the trial court's findings of fact in her opening brief, she explicitly states in her reply brief that she challenges only the trial court's legal conclusions.

is reviewed for correctness, including its application of the law to the facts.").

¶6     Santos argues that the Costco employees with whom Santos interacted were engaged in state action during her interrogation and detention. Thus, she contends, as state actors, the Costco employees' interrogation and detention were subject to the constraints of the Fourth and Fifth Amendments to the United States Constitution. *See* U.S. Const. amends. IV, V. As "[t]he party objecting to the evidence," Santos "has the burden of establishing the agency relationship," i.e., that "a private individual acts as an agent of the government in conducting a search." *State v. Koury*, 824 P.2d 474, 477 (Utah Ct. App. 1991).

¶7     When a private party acts as an agent of a government authority, any search performed by that private party becomes subject to state and federal constitutional protections. *See State v. Watts*, 750 P.2d 1219, 1221 (Utah 1988). To determine whether a private party has acted as an agent of the government, our supreme court has adopted the two-part test set forth by the Ninth Circuit Court of Appeals in *United States v. Walther*, 652 F.2d 788 (9th Cir. 1981). *See Watts*, 750 P.2d at 1221–22; *Koury*, 824 P.2d at 477.

¶8     To satisfy the *Walther* test, "[t]he government must be involved either directly as a participant or indirectly as an encourager of the private citizen's actions before we deem the citizen to be an instrument of the state." *Walther*, 652 F.2d at 791. To determine the extent of the government's involvement, we first consider "whether the government knew of or acquiesced [in] the search," and then, second, we "consider the person's intent and purpose in conducting the search and decide whether the person was acting in the person's own interest or to further law enforcement." *Koury*, 824 P.2d at 477; *Watts*, 750 P.2d at 1221–22. More precisely, the party claiming governmental action by a private party must show that the private party "'acted with the

intent to assist the government in its investigatory or administrative purposes and not for an independent purpose.'" *State v. Ellingsworth*, 966 P.2d 1220, 1223 (Utah Ct. App. 1998) (quoting *United States v. Attson*, 900 F.2d 1427, 1432–33 (9th Cir. 1990)).

¶9     In analyzing Santos's case under the *Walther* test, and to determine whether the government knew of or acquiesced in the search, we first look to the OCPD's involvement in the questioning and detention of Santos by the Costco employees. Santos argues that the State, and specifically Utah law, authorizes and encourages these employees to act on the State's behalf. She points to Utah Code section 77-7-12(1), which provides,

> A peace officer, merchant, or merchant's employee, servant, or agent who has reasonable grounds to believe that goods held or displayed for sale by the merchant have been taken by a person with intent to steal may, for the purpose of investigating the unlawful act and attempting to effect a recovery of the goods, detain the person in a reasonable manner for a reasonable length of time.

Utah Code Ann. § 77-7-12(1) (LexisNexis 2012).[2]

---

2. In its denial of Santos's motion to suppress, the trial court relied on a similar statute, Utah Code section 76-6-603, to conclude that the Costco employees had probable cause to reasonably detain Santos. *See* Utah Code Ann. § 76-6-603(1)(a)–(e) (LexisNexis 2012) ("Any merchant who has probable cause to believe that a person has committed retail theft may detain such person, on or off the premises of a retail mercantile establishment, in a reasonable manner and for a reasonable length of time for all or any of the following purposes: (a) to make reasonable inquiry as to whether
(continued...)

¶10 Santos argues that the government knew of and acquiesced in the Costco employees' questioning and detention because the statute provides private employees with "quasi-law enforcement status." In support of this proposition, Santos cites *Romanski v. Detroit Entertainment, LLC*, 428 F.3d 629 (6th Cir. 2005), which stated, "Where private security guards are endowed by law with plenary police powers such that they are *de facto* police officers, they may qualify as state actors . . . ." *Id.* at 637. Santos also relies on *People v. Zelinski*, 594 P.2d 1000 (Cal. 1979), which held that a search conducted by store employees was not conduct "of . . . private citizen[s] acting in a purely private capacity." *Id.* at 1006. The *Zelinski* court explained that "[a]lthough the search exceeded

---

2. (...continued)
such person has in his possession unpurchased merchandise and to make reasonable investigation of the ownership of such merchandise; (b) to request identification; (c) to verify such identification; (d) to make a reasonable request of such person to place or keep in full view any merchandise such individual may have removed, or which the merchant has reason to believe he may have removed, from its place of display or elsewhere, whether for examination, purchase, or for any other reasonable purpose; [and] (e) to inform a peace officer of the detention of the person and surrender that person to the custody of a peace officer."). In her motion to suppress, Santos did not challenge the propriety of her detention under section 76-6-603 or section 77-7-12(1), as the trial court's decision would seem to indicate. Rather, she argued below, as she does on appeal, that the Costco employees were engaged in state action, which implicated the protections of the Fourth Amendment. We affirm the trial court's denial of Santos's motion to suppress on different grounds. *See infra* ¶ 16; *See also State v. Tueller*, 2001 UT App 317, ¶ 23, 37 P.3d 1180 ("It is a well-established rule that we may affirm a judgment of the trial court on grounds other than those used as the basis for its decision.").

lawful authority, it was nevertheless an integral part of the exercise of sovereignty allowed by the state to private citizens." *Id.*

¶11    We find these cases inapposite. In *Romanski*, Michigan law endowed the private security officers with plenary power to make arrests. *See Romanski*, 428 F.3d at 638–39. In contrast, Utah Code section 76-6-603 and section 77-7-12(1) provide merchants with the authority only to detain a retail theft suspect. *See* Utah Code Ann. § 76-6-603 (LexisNexis 2012); *id.* § 77-7-12(1). In *Zelinski*, employees searched a suspect's person and effects for goods that were not in plain view, which overstepped the bounds of the authority prescribed in the California statute authorizing a merchant's privilege. *See Zelinski,* 594 P.2d at 1003–04.[3]

¶12    More to the point, as explained above, we analyze this issue under the two-part *Walther* test. *See supra* ¶¶ 8–9. *Walther* explained, "Mere governmental authorization of a particular type of private search in the absence of more active participation or encouragement is . . . insufficient to require the application of fourth amendment standards." *United States v. Walther*, 652 F.2d 788, 792 (9th Cir. 1981). Moreover, in *State v. Watts*, 750 P.2d 1219 (Utah 1988), the supreme court held that although the police had previously told an informant that they might dismiss their criminal

---

3. We further note that the California Supreme Court's decision in *People v. Zelinski*, 594 P.2d 1000 (Cal. 1979), has since been abrogated by amendment of the California Constitution. *See Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989) ("[T]he continuing validity of *Zelinski* has been called into doubt by the enactment of Proposition 8, which amended California's Constitution to prohibit California courts, in the absence of express statutory authority, from exclud[ing] evidence seized in violation of either the state or federal Constitution unless exclusion is compelled by the federal Constitution." (second alteration in original) (citation and internal quotation marks omitted)); *see also* Cal. Const. art. 1, § 28(f)(2).

case against him if he assisted with their investigation of the defendant, "the 'offer' given to the informant was 'far too vague and general to constitute governmental knowledge'" of the informant's search of the defendant's premises. *Id.* at 1223 (quoting *United States v. Bazan*, 807 F.2d 1200, 1203 (5th Cir. 1986)). Thus, the "[police] did not in any sense know of or acquiesce in the informant's conduct." *Id.*

¶13    Similarly, although Utah law authorizes a merchant's employee to reasonably detain a person suspected of theft, this legal authorization does not equate to the government's knowledge of or acquiescence in the search that occurred here. *See* Utah Code Ann. § 76-6-603; *id.* § 77-7-12(1). Santos does not point to any evidence in the record, nor did the trial court find, that the OCPD knew of or acquiesced in the Costco employees' questioning of Santos regarding her suspected shoplifting, at least prior to the time the Costco employees called the OCPD to inform them of Santos's detention. Thus, there is no indication that the OCPD had knowledge of or acquiesced in the Costco employees' investigatory conduct.

¶14    Furthermore, to prevail on the second element of the *Walther* test, a defendant must show that the private party conducting the search or seizure had "'*no other purpose* but to aid the government's investigatory or administrative functions.'" *State v. Ellingsworth*, 966 P.2d 1220, 1223 (Utah Ct. App. 1998) (quoting *Wallace v. Batavia Sch. Dist. 101*, 68 F.3d 1010, 1013 (7th Cir.1995)) (concluding that Workers' Compensation Fund agents investigated the defendant's claims to determine his eligibility for benefits and that this purpose was "completely independent of law enforcement['s]" prosecution of the defendant for workers compensation fraud).

¶15    In support of her claim that the primary purpose for the Costco employees' investigation was to aid prosecution of suspected shoplifters, Santos refers only to the Costco employees'

testimonies that they routinely require suspected shoplifters to complete Costco's investigation forms to promote criminal prosecution of those suspects. Although Santos makes much of this testimony, she does not refer to the employees' other testimony as to their reasons for requiring suspected shoplifters to complete those forms. For example, the employees' testimonies reveal that Costco also has business purposes for using the forms, such as for training, record keeping, and defending potential civil lawsuits. Finally, the trial court found that the employees acted "with the primary purpose of protecting Costco assets," and Santos does not challenge the trial court's factual findings on appeal. *See supra* ¶ 5 & note 1.

¶16    Moreover, this court has determined that a private person does not become an agent of law enforcement simply because the private person desires that someone be arrested or prosecuted. *See State v. Koury*, 824 P.2d 474, 478 n.2 (Utah Ct. App. 1991). In this case, the Costco employees who interacted with Santos certainly may have had an interest in the successful prosecution of Santos for shoplifting. But we cannot say that those employees did not also have a separate interest in protecting the store's assets. Simply because the Costco employees ultimately participated in Santos's eventual criminal prosecution does not cancel out the legitimate business reasons for their investigation. Therefore, the court did not err in concluding that the employees were protecting Costco assets.

¶17    Accordingly, we affirm the trial court's denial of Santos's motion to suppress.

———————